## Patronas *v.* Unemployment Compensation Board of Review.

Argued April 6, 1972, before President Judge Bow-MAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MENCER, ROGERS and BLATT.

*Richard F. Kronz,* with him *Lichtenstein & Bartiromo,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *J. Shane Creamer,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, May 17, 1972:

This is an appeal from a Decision and Order of the Unemployment Compensation Board of Review ("Board") denying the appellant's claim for benefits.

The appellant was employed as a machinist by the United States Steel Corporation at their Christy Park Works for a period of approximately 4½ years, and he was laid off on December 30, 1970, because of a reduction in the work force. When he applied for unemployment benefits, his application was refused by the Bureau of Employment Security ("BES") solely because he was a full-time student at California State College, and, therefore, considered as not available for work and not genuinely and realistically attached to the labor market. This ruling was based on Section 401(d) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §801. The appellant thereafter appealed to the Board, and a hearing was held before a Referee on March 8, 1971, whose decision was to reverse the BES and award benefits to the appellant. This decision was in turn appealed to the Board by the employer, and on May 4, 1971, the Board reversed the decision of its Referee and denied benefits. The appeal to this Court was then brought.

The appellant is currently 29 years old, is married, and has a child approximately 2 years old. He had

been employed by the United States Steel Corporation since his release from military service in 1966, and, while so employed, he had first attended a technical school on a part-time basis and then begun taking college classes, first on a part-time and then on a full-time basis. Because of schedule and shift arrangements available at the college and in the plant, he was able to carry his educational schedule without interfering with his full-time job, and, after being laid off, he continued to attend his college classes, while also seeking employment.

The appellant testified, in the hearing before the Referee, that he had looked for employment ever since being laid off and that he would be available for any job, even if it meant leaving school. His testimony was to the effect that he had applied for a number of jobs but had not yet been offered any. Asked if he would limit his work to certain hours, because of his class schedule, the appellant answered: "Well, the first thing, if anyone decides to hire me, I will ask them if possible to arrange my schedule . . . I am hoping that U.S. Steel calls me and if I get a job that will not arrange my schedule, of course, I would have to discontinue the education."

The Board's decision is based solely upon the fact that the appellant is currently attending school on a full-time basis and, therefore, must be presumed not available for work. In most cases this would be a reasonable presumption, but the facts of this case bring it within the standards outlined in the *Wiley Unemployment Compensation Case,* 195 Pa. Superior Ct. 256, 171 A. 2d 810 (1961). The court therein stated that: "The record discloses that appellant was and is realistically and genuinely attached to the labor market. He does not fall into the category of an ordinary college student whose primary purpose is to obtain an educa-

tion, and who is available for work only conditionally or on a limited basis. Attendance at college was not this appellant's primary purpose. His work record and his sincere efforts to obtain employment substantiate the fact that his chief responsibility is the support of his family. His conduct unquestionably meets the requirement of good faith. In the absence of proof that appellant refused suitable employment, he should not be denied benefits." 195 Pa. Superior Ct. at 258-259, 171 A. 2d at 811-812.

In this case, the appellant has clearly shown that his primary goal is to obtain employment. He has testified to his repeated efforts to obtain work and to his willingness to leave school if that should become necessary. If the appellant's credibility is to be questioned, it must be noted that the Referee was the *only* individual to hear testimony on this matter, and he found in the appellant's favor. The Board had before it only the transcript of the hearing and the Referee's decision, and no evidence was contained therein to refute the appellant's testimony. It must also be noted that there was no evidence that the appellant placed any preconditions on his availability for work. He testified, in fact, that he would raise the question of arranging his work schedule so as to permit him to continue school only *after* he would be hired.

It should not be assumed that this decision will set a precedent for large numbers of college students to finance their college education by way of unemployment compensation benefits. The factual situations in this case and in *Wiley* are clear, and they permit the courts to draw a line between claimants who are basically students and claimants who are basically committed to the work force but in addition are attempting to better themselves by continuing their education. As Judge WOODSIDE stated in his concurring opinion in

*Wiley*: "Unemployment Compensation benefits were never intended to subsidize college students, and this Court has uniformly refused benefits to claimants attending school full time. I believe that under the Unemployment Compensation statute this Court must continue to refuse benefits to full time students who have been 'working their way through college.' . . . A claimant with a long employment record, who has a family requiring his support and who is required by necessity to leave school to continue employment if the two conflict, and whose bona fide effort to obtain any full time employment available is beyond question, should not be denied benefits." 195 Pa. Superior Ct. at 259-260, 171 A. 2d at 812-813.

ORDER

Now, May 17, 1972, the Order of the Unemployment Compensation Board of Review is reversed and the record is remanded to the Board for disposition consistent with this opinion.