Frederick G. Woodley, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued February 8, 1974, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Richard F. Stevens*, with him *Butz, Hudders & Tallman*, for appellant.

*Sydney Reuben*, Assistant Attorney General, with him *Israel Packel*, Attorney General, for appellee.

OPINION BY JUDGE BLATT, April 3, 1974:

Frederick G. Woodley (claimant), then nineteen years of age, was employed in Lehigh County as a welder's helper from sometime in June 1972 until December 20, 1972, when he was laid off because of a lack of work. Sometime in January 1973, being unable to find work in Lehigh County, he enrolled in the Hobart School of Welding Technology in Troy, Ohio. He attended classes for seven hours a day, five days a week, but testified that, if necessary, he could change his schedule so as to take his classes at night.

While still attending school, the claimant filed an inter-state claim for unemployment compensation benefits in Ohio, and the claim was forwarded to Penn-

sylvania for action. Subsequently, both a referee and the Unemployment Compensation Board of Review (Board) determined that, as a full-time student, he was not available for work as required by Section 401(d) of the Unemployment Compensation Law, Act of Dec. 5, 1936, Second Ex. Sess., P. L. (1937) 2897, *as amended*, 43 P.S. §801(d). He was denied benefits and he has appealed to this Court for a reversal of the Board's decision.

It is clear that availability for work requires a claimant to be actually and currently attached to the labor force. *Majoris Unemployment Compensation Case*, 192 Pa. Superior Ct. 269, 162 A. 2d 86 (1960). It is also a normally reasonable presumption that a full-time student is not available for work. This is not an irrebuttable presumption, of course. It might be possible that a claimant, despite his status as a student, could still be realistically and genuinely attached to the labor market. In this case, however, we do not believe that the presumption has been rebutted sufficiently.

*Rubin Unemployment Compensation Case*, 193 Pa. Superior Ct. 604, 165 A. 2d 101 (1960) and *Majoris, supra,* were based on facts similar to those in the case at hand. In each of these cases the claimant was a full-time day student who offered to switch to night classes, if necessary, to obtain a job. The Superior Court affirmed the Board's denial of benefits in each case, noting that the willingness to shift from day to evening classes is not sufficient to remove the conditions which had been placed on availability, especially in view of the fact that many jobs require changing shifts. As was stated in *Majoris, supra*: "While claimant indicated that he was willing to shift his day classes to evening classes had work been offered to work the regular day shift hours, a willingness to be

employed conditionally does not meet the test of availability. The determination of availability is largely a question of fact for the Board." 192 Pa. Superior Ct. at 270, 162 A. 2d at 87.

The claimant argues here, however, that his situation is controlled by the decisions in *Patronas v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 491, 291 A. 2d 118 (1972) and *Wiley Unemployment Compensation Case,* 195 Pa. Superior Ct. 256, 171 A. 2d 810 (1961). The claimants in those cases had both worked a number of years, had families to support and were attending school full-time while actively searching for new employment. They indicated their willingness not only to reschedule their classes, but to leave school altogether if necessary to obtain employment. The record in each case showed that the claimant was realistically and genuinely attached to the labor market. Each claimant's primary goal was to obtain employment, not to obtain an education to enhance his future employability. In *Wiley, supra,* the claimant's "work record and his sincere efforts to obtain employment substantiate the fact that his chief responsibility is the support of his family. His conduct unquestionably meets the requirement of good faith. In the absence of proof that appellant refused suitable employment, he should not be denied benefits." 195 Pa. Superior Ct. at 259, 171 A. 2d at 812.

Although we certainly applaud the claimant's admirable attempt to improve his proficiency at his trade, especially after he had lost employment, the Unemployment Compensation Law cannot be interpreted as a means by which students can finance their education, and the claimant here did not offer any evidence to demonstrate clearly that he was realistically and genuinely attached to the labor market. The Board, therefore, did not err in denying him benefits on the basis

that, as a full-time student, he was not unconditionally available for work.

We might further note that, although Section 401 (d) does provide that an otherwise eligible applicant will not be denied benefits for any week "because he is in training with the approval of the secretary [of Labor and Industry] . . .", there was no evidence here that the claimant's training was undertaken with the approval of the secretary.

For the above reasons, therefore, we issue the following

#### ORDER

Now, April 3, 1974, the order of the Unemployment Compensation Board of Review denying benefits to Frederick G. Woodley is hereby affirmed.