Leroy Graham, Appellant, *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Appellee.

Argued June 7, 1974, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Philip H. Rush,* for appellant.

*Sydney Reuben,* Assistant Attorney General, with him *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE MENCER, July 25, 1974:

Leroy Graham (claimant), a 67-year-old day student at Temple University in Philadelphia, Pennsylvania, filed a claim on August 23, 1972 to obtain unemployment compensation. Claimant was last employed by Temple University for 1 year and 9 months doing audiovisual work. His last day of work was July 3, 1972. Prior to this employment, he had worked 15½ years for Westinghouse Electric Corporation before starting his retirement from that corporation on April 1, 1970.

Claimant enrolled as a full-time student at Temple University on July 23, 1972. Thereafter, he enrolled as a full-time student on September 11, 1972 for the fall term and paid the full tuition of $485. Claimant's classes were scheduled during the morning hours and until 2 p.m. each afternoon.

The Bureau of Employment Security denied benefits to the claimant on the ground that he failed to meet the availability-for-work requirements of Section 401 (d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P. L. (1937) 2897, as amended, 43 P.S. §801(d). On appeal, the referee affirmed the Bureau, and the Unemployment Compensation Board of Review (Board) affirmed the referee. This appeal followed and we affirm.

In connection with his original application, claimant filled out a retirement questionnaire and the following questions and answers appear thereon:

"11. Are you able to work and available for full-time work at this time? ........... Yes ☐ No √. If No, explain why not.

Will be attending school (Temple University) full time—beginning Sept. 11, 1972.

"12. Are you looking for full-time work? .. Yes ☐ No √. If No, explain why not.

I could work part time.

"13. What type of work are you able to do now? Audio visual work.

Have you applied for such work? .... Yes ☐ No √. If Yes, where have you applied? ———————————

"14. What is the minimum wage you will accept? 2150.

"15. Will you work during any hours? .... Yes ☐ No √. If No, what hours will you work? Week end days.

Why will you work only during these hours? Full time school schedule."

The determination of availability is largely a question of fact for the Board. *Collins Unemployment Compensation Case*, 191 Pa. Superior Ct. 273, 156 A. 2d 593 (1959). The Board adopted the referee's finding of fact that claimant here was not available for work. By his own response to the retirement questionnaire, claimant revealed his unavailability for work.[1] It is obvious to us that, under the circumstances of this case, claimant's primary objective was to be a full-time college student who was willing to work part time under certain self-imposed conditions.[2]

———————————

[1] Claimant testified at a second hearing held on June 22, 1973, that had he been offered a job which conflicted with his courses, he would have dropped the courses to take the job. This was a matter of credibility for the Board's determination.

[2] Accordingly, this case is factually distinguishable from *Patronas v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 491, 291 A. 2d 118 (1972), and *Wilcy Unemployment Compensation Case*, 195 Pa. Superior Ct. 256, 171 A. 2d 810 (1961).

We can only conclude that the purpose of unemployment compensation benefits is to relieve the economic hardships of sudden unemployment and provide temporary assistance in meeting, in part, the economic burdens which continue as ever-present companions of unemployment. The Legislature never intended to partially subsidize the expenses of education by making available the funds created under the Unemployment Compensation Law. *Gulbin Unemployment Compensation Case,* 191 Pa. Superior Ct. 646, 159 A. 2d 37 (1960).

Under the circumstances here involved, we hold that the claimant was unavailable for work within the meaning of Section 401(d) of the Unemployment Compensation Law.

### ORDER

AND Now, this 25th day of July, 1974, the order of the Unemployment Compensation Board of Review denying the claim of Leroy Graham for unemployment compensation benefits is hereby affirmed.

