Unemployment Compensation Board of Review of the Commonwealth of Pennsylvania *v.* Paulette A. Siene, Appellant.

Argued March 4, 1976, before Judges CRUMLISH, JR., KRAMER and ROGERS, sitting as a panel of three.

*Lawrence H. Sindaco,* for appellant.

*Charles G. Hasson,* Assistant Attorney General, with him *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE KRAMER, May 10, 1976:

This is an appeal by Paulette A. Siene from a decision of the Unemployment Compensation Board of Review, which denied her claim for benefits. The issue in this case is whether Siene is a full-time student working her way through college or a full-time worker attempting to continue her education. We hold that she is the latter, and reverse.

Siene was employed for one and one-half years as an assembly tester by the Radio Corporation of America (RCA). Siene worked the 4:00 P.M. to 12:30 A.M. shift

at RCA, and, while employed at RCA, she attended school at Kings College, Wilkes-Barre, Pennsylvania as a full-time day student. Siene was laid off by RCA because of lack of work in January of 1975. In January of 1975, prior to being laid off, Siene became a full-time student at Mansfield State College. Siene applied for benefits, but the Bureau of Employment Security, the referee and the Board denied benefits on the basis that Siene is a full-time student, and, therefore, not available for work.[1]

Siene was not represented by counsel before the referee, and the very short transcript of testimony in this case consists solely of questions asked Siene by the referee. The relevant portions of Siene's testimony are as follows:

"Q. And, you are going to return to Mansfield [State College] in September?

A. Well, I really don't know, it depends if I could get the money to go back.

"Q. If this office found you a full time job, daylight hours, would you take it?

A. Yes, I would."

\* \* \* \*

"Q. Well, if R.C.A. offered you a day time job would you take it?

A. Yes, I would go right back."

\* \* \* \*

"Q. What about the Fall then, when the school term begins?

A. I would go back and I would try to take new courses at a local college, or I would try to go back and forth.

Q. All right, is there anything else?

A. Well, as you see, I have been working full-time while going to college, and I don't consider myself

---

1. *See* Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d).

a student working, I consider myself a full-time employee going to school.

The reason I did appeal was I feel that there was no reason why I can't return to work, I have always altered my schedule for school to accommodate my working schedule because it is just like, no work, no school and I am, right now, practically supporting my whole family."

\* \* \* \*

"Q. If R.C.A. called you today, and said they have work starting next Monday, day time, same job that you had, would you take it?

A. Yes, I would.

Q. In the Fall you would make whatever adjustments you could to keep going to school; is that right?

A. Right, but if it came to it I would have to quit school and work."

This case once again brings before this Court the problem of drawing a line "between claimants who are basically students and claimants who are basically committed to the work force but in addition are attempting to better themselves by continuing their education."[2] The Unemployment Compensation Law is not intended to subsidize full-time students who are working their way through school. Full-time students are presumed not to be realistically and genuinely attached to the labor force, and, therefore, not available for work.[3] This presumption, however, is not conclusive. Claimants may rebut the presumption by showing that, despite their status as students, they are realistically and genuinely attached to the labor market.[4]

---

2. *Patronas v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 491, 494, 291 A.2d 118, 120 (1972).

3. *Woodley v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974).

4. *Patronas, supra,* and *Wiley Unemployment Compensation Case,* 195 Pa. Superior Ct. 256, 171 A.2d 810 (1961).

Having carefully examined the very short record in this case, we conclude that Siene has met her burden of rebutting the presumption that, as a full-time student, she is not available for work. Siene demonstrated a willingness not only to reschedule her classes but to leave school, if necessary, in order to obtain employment. Her primary goal is to obtain another job rather than to obtain an education. The Board committed an error of law by concluding that Siene was not available for work solely because she was a full-time student.

We, therefore

### Order

And Now, this 10th day of May, 1976, the order of the Unemployment Compensation Board of Review, dated July 21, 1975, denying benefits to Paulette A. Siene, is hereby reversed, and this matter is remanded to the Unemployment Compensation Board of Review for the purpose of determining benefits.