Stephen J. Lipchak, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

452

Argued December 9, 1977, before Judges CRUMLISH, JR., MENCER and BLATT, sitting as a panel of three.

*Edward Van Stevenson, Jr.,* for appellant.

*Susan Shinkman,* Assistant Attorney General, with her *Sydney Reuben,* Assistant Attorney General, and *Robert P. Kane,* Attorney General, for appellee.

OPINION BY JUDGE BLATT, March 28, 1978:

Stephen J. Lipchak (claimant) appeals here from an order of the Unemployment Compensation Board of Review (Board) which affirmed a referee's determination that he was ineligible for benefits under the Unemployment Compensation Law[1] (Act) because he was a full-time student.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §751 et seq.

The findings of fact indicate that the claimant worked as a systems analyst for Singer Business Machines (employer) for two and one-half years during which time he attended college on a part-time basis.[2] Because the employer went out of business, the claimant's employment was terminated in August, 1975 at which time he applied to the Bureau of Employment Security for unemployment compensation benefits and in September 1975, the claimant enrolled in college. The Bureau denied him benefits and upon appeal, the referee affirmed, concluding that because the claimant was then a full-time student, he was not genuinely and realistically attached to the labor market and was consequently ineligible for benefits under Section 401(d) of the Act, 43 P.S. §801(d).[3] The Board affirmed the referee and it is from this determination that the claimant here appeals.

The issue here is whether or not the claimant, being a full-time student, was genuinely and realistically attached to the labor force in accordance with the statutory requirement of Section 401(d) of the Act, 43 P.S. §801(d).

---

[2] We note that there are inconsistent findings of fact in the record. The referee found that during the two and one-half years claimant was employed with Singer Business Machines, he did not attend school but that claimant has attended college on a part-time basis during his prior employment. The Board found, however, that during the time claimant was with Singer, he did attend school on a part-time basis. The law is clear, however, under Section 504 of the Act, 43 P.S. §824, that the Board is entitled to make a finding contrary to that of the referee without holding its own hearing. *Unemployment Compensation Board of Review v. Kennedy*, 18 Pa. Commonwealth Ct. 248, 334 A.2d 849 (1975).

[3] Section 401(d) of the Act, 43 P.S. §801(d), provides:

Compensation shall be payable to any employe who is or becomes unemployed, and who—

(d) Is able to work and available for suitable work.

In *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977), a case very similar to the instant claim, we have recently reviewed the factors relevant to determining a claimant's primary purpose (*i.e.*, maintaining employment or continuing his education) and we concluded that the claimant's primary purpose in that case was not to attend college but rather to obtain employment to sustain himself. In *Reardon, supra,* 30 Pa. Commonwealth Ct. at 142-43, 373 A.2d at 148-49, Judge MENCER said, speaking for the Court:

> While we have in the past held that there is in the law a presumption that a full-time student is not available for work, Claim of Wright, supra; Woodley v. Unemployment Compensation Board of Review, 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974), we have stressed that the presumption may be rebutted. Unemployment Compensation Board of Review v. Siene, 24 Pa. Commonwealth Ct. 430, 357 A.2d 228 (1976). To rebut the presumption, a claimant must demonstrate that he does not fall into the category of an ordinary college student whose primary purpose is to obtain an education and who is available for work only conditionally or on a limited basis. Patronas v. Unemployment Compensation Board of Review, 5 Pa. Commonwealth Ct. 491, 291 A.2d 118 (1972); Wiley Unemployment Compensation Case, 195 Pa. Superior Ct. 256, 171 A.2d 810 (1961).
>
> Courts have in the past examined various factors in arriving at a determination of a claimant's primary purpose. Employment history, and particularly the duration of full-time employment;[3] economic requirements, especially those related to support obligations;[4] and good faith efforts to obtain unconditional, full-time

employment[5] have been considered. It has been declared that while unemployment compensation benefits were never intended to subsidize college students, a claimant with a long employment record, who has a family requiring his support and who is required by necessity to leave school to continue employment if the two conflict, and whose bona fide effort to obtain any full-time employment available is beyond question, should not be denied benefits. Wiley, supra, 195 Pa. Superior Ct. at 259-60, 171 A.2d at 812-13 (WOODSIDE, J., concurring); accord, Patronas, supra.

[3] See Patronas, supra; Wiley, supra; cf. Claim of Wright, 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976) (claimant had previously been employed full time only during summer vacation). [In Reardon, supra, claimant was previously employed 32 months.]

[4] See Patronas, supra; Wiley, supra; cf. Claim of Wright, supra (claimant was single and living with parents); Woodley, supra (lack of evidence of family requiring support noted). [In Reardon, supra, claimant had a family.]

[5] See Siene, supra; Patronas, supra; Wiley, supra; cf. Claim of Wright, supra (request for part-time employment); Popelas v. Unemployment Compensation Board of Review, 18 Pa. Commonwealth Ct. 92, 333 A.2d 831 (1975) (inability to reschedule classes which represented 48 hours of attendance weekly); Mohl v. Unemployment Compensation Board of Review, 14 Pa. Commonwealth Ct. 69, 321 A.2d 662 (1974) (lack of good faith in application interview with prospective employer); Graham v. Unemployment Compensation Board of Review, 14 Pa. Commonwealth Ct. 445, 322 A.2d 807

(1974) (claimant neither looking nor available for full-time employment); Woodley, supra, (lack of evidence that claimant would quit school rather than merely change classes noted, as was lack of evidence of efforts to obtain new employment).

The Board argues here that none of the standards set out in *Reardon, supra,* have been met by this claimant in that there is no evidence in the record to indicate he had a long employment record, had any economic support obligations, or had made a bona fide effort to obtain full-time employment.

We believe that the findings of fact here are inadequate and cannot be construed to resolve all of the factual issues necessary for proper appellate review. The findings do not resolve whether or not the claimant was unconditionally available for full-time employment and whether or not the claimant demonstrated good faith efforts to obtain unconditional full-time employment. The record reveals uncontroverted testimony that claimant was unconditionally available for full-time employment, in that he would either reschedule or drop his classes if he were offered employment. In regard to his efforts to obtain full-time employment, the record indicates claimant had submitted several applications to employers and there was no evidence whatever that he had ever refused an offer of employment or had limited his availability for employment because of his classes. In fact, the record reveals that his purpose in attending classes was to improve his employment opportunities. If this testimony is believed, it could form the basis for findings justifying the award of benefits.

It is not for this Court, however, to make findings of fact because the duty to consider and evaluate testimony and to make findings of fact thereon is for the fact-finder. *Mosley v. Unemployment Compensation*

*Board of Review*, 15 Pa. Commonwealth Ct. 447, 327 A.2d 199 (1974). When the fact-finder in an administrative proceeding is required to set forth his findings in an adjudication, that adjudication must include all findings necessary to resolve the issues raised by the evidence which are relevant to the decision. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975); *Scranton Garment Co. v. Workmen's Compensation Appeal Board*, 33. Pa. Commonwealth Ct. 190, 381 A.2d 210 (1977).

Accordingly, we therefore remand the record of this case to the Board for the making of new and adequate findings of fact.

### ORDER

AND Now, this 28th day of March, 1978, the order of the Unemployment Compensation Board of Review in the above captioned matter, dated July 9, 1976, is hereby vacated, and the record is remanded to the Board for the purpose of making adequate findings of fact.