Roseann Pasek, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review and Commonwealth of Pennsylvania, Bureau of Employment Security, Respondents.

Argued June 9, 1978, before Judges WILKINSON, JR., MENCER and ROGERS, sitting as a panel of three.

*Roseann Pasek,* petitioner, for herself.

*William J. Kennedy,* Assistant Attorney General, with him *Robert P. Kane,* Attorney General, for respondent.

OPINION BY JUDGE WILKINSON, JR., June 30, 1978:

This is an appeal from a decision of the Unemployment Compensation Board of Review which disallowed claimant's appeal from a referee's decision denying benefits to her on the grounds that she was not able and available for work within the meaning of Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d). We affirm.

Claimant was last employed as a long term substitute teacher with the Upper Moreland School District from September 2, 1975 through June 15, 1976. Upon the termination of this job claimant applied for, and did in fact receive, unemployment benefits for the weeks ending June 19 and 26, 1976. Claimant then applied for benefits for the weeks ending July 3, 10, 17 and 24, 1976, but was denied compensation. The basis for this denial was the fact that claimant was

attending classes at Beaver College five days a week, from 8:00 A.M. to 12:20 P.M., and therefore was not realistically attached to the labor market. While the claimant testified that she would have been willing to quit her classes and take a job, the referee, whose function it is to resolve issues of credibility, found this testimony to be merely a self-serving declaration on the part of the claimant. The referee further noted that claimant had already paid some $390. in tuition to Beaver College for the classes under consideration here.

Claimant's first contention is that her husband was precluded from offering testimony and/or assistance at the referee's hearing. Simply stated, there is absolutely no evidence in the record to support this claim, nor is there any evidence to indicate that claimant's husband was even present at the referee's hearing.[1]

The second issue before us is whether the referee properly determined that claimant was not able and available for work within the meaning of Section 401 (d) of the Law, 43 P.S. §801(d). The evidence clearly demonstrates that claimant was a full-time student during the time period under consideration. The reasonable presumption under such circumstances is that the claimant is not available for work. *Woodley v. Unemployment Compensation Board of Review*, 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974). While this presumption is not irrebuttable, the claimant must at

---

[1] When this case was called for argument before this Court, claimant's husband asked the Court for permission to argue the case for his wife. He was advised that only attorneys were permitted to represent others before this Court, but that he could sit with his wife and assist her. He objected that he had not been apprised of this when he filed "his" brief, albeit only his wife's name appears on the brief. He immediately left the court room. The Court has considered the claimant's position as presented in her brief.

least demonstrate that her primary goal is to obtain employment rather than take classes for the purpose of enhancing her future employability. *Patronas v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 491, 291 A.2d 118 (1972). Two other factors to be considered are the employment record of the claimant and her economic support obligations. *Lipchak v. Unemployment Compensation Board of Review*, 34 Pa. Commonwealth Ct. 451, 383 A.2d 970 (1978); *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977).

In the instant case we do not believe that the claimant has overcome the presumption of unavailability, particularly when the referee did not believe her testimony as to her willingness to terminate the classes and accept employment. In addition, we do not find any evidence of the economic support obligations which were present in those cases wherein we granted benefits to full-time students.

Accordingly, we will enter the following

ORDER

AND Now, June 30, 1978, the decision of the Unemployment Compensation Board of Review, No. B-139577, dated January 12, 1977, is affirmed.