John W. Rich, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 17, 1980, before Judges WILKINSON, JR., CRAIG and PALLADINO, sitting as a panel of three.

*John W. Rich,* petitioner, for himself.

*Stephen B. Lipson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, December 17, 1980:

This is an appeal from a decision of the Unemployment Compensation Board of Review which sustained a referee's decision denying benefits to the claimant on the grounds that he was not able and available for work within the meaning of Section 401 (d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. 801(d). We affirm.

The claimant in this case is 39 years old, is single, has no dependents, and is a full-time college student residing in Claredon, Pennsylvania. In August of 1979 claimant left his job of 15 years as a machine operator for Allegheny Buffalo China, Inc. under circumstances which did not disqualify him for benefits, and applied for unemployment compensation benefits. Subsequently he enrolled as a full-time college student at Jamestown Community College in Jamestown, New York, a city some 30 miles from his home in Claredon. In September of 1979 the Bureau of Employment Security denied claimant's application for unemployment compensation benefits. On appeal a referee sustained the denial of benefits concluding that the claimant was primarily a student rather than a worker

committed to the work force, and that he therefore did not satisfy the work availability requirements specified in Section 401(d) of the Law. This decision was affirmed by the Unemployment Compensation Board of Review.

The issue in this case is whether, considering the facts as a whole, the claimant is realistically attached to the labor force and therefore eligible for unemployment compensation benefits. It has long been the position of this Court that there is a presumption in the law that full-time students are unavailable for work. *Claim of Wright,* 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976); *Woodley v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974). We have also held, however, that where special circumstances exist this presumption might be rebutted. *Unemployment Compensation Board of Review v. Siene,* 24 Pa. Commonwealth Ct. 430, 357 A.2d 228 (1976). In the case of *Reardon v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977), we listed some of the factors to be considered by the court in deciding whether the presumption is rebutted. There we stated:

> Employment history, and particularly the duration of full time employment; economic requirements, especially those related to support obligations, and good faith efforts to obtain unconditional full time employment have been considered. It has been declared that while unemployment compensation benefits were never intended to subsidize college students, a claimant with a long employment record, who has a family requiring his support and who is required by necessity to leave school to continue employment if the two conflict, and whose bona fide effort to obtain any full time employment

available is beyond question should not be denied benefits.

*Id.* at 143-4, 373 A.2d at 149 (Citations and footnotes omitted). Based on the evidence in the record we do not believe that the claimant has rebutted the presumption that he is primarily a full-time student. Although claimant has a long employment history he does not have the other characteristics we have traditionally considered to be important in determining if a student is primarily attached to the labor force. In cases where the presumption has been overcome there has usually been evidence of important economic support obligations. *See, e.g., Wiley Unemployment Compensation Case,* 195 Pa. Superior Ct. 256, 171 A.2d 810 (1961), *Reardon v. Unemployment Compensation Board of Review, supra.* The claimant, however, has no such obligations. We have also placed a heavy emphasis on clearly expressed intention to leave school if work became available. *See, e.g., Graham v. Unemployment Compensation Board of Review,* 14 Pa. Commonwealth Ct. 445, 322 A.2d 807 (1974), *Ettorre v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 315, 413 A.2d 6 (1980). The record in the present case shows, however, that the claimant did not testify he was willing to leave school for work, but simply stated that he wanted to do both.[1] Based

---

[1] When questioned about his willingness to leave school for work the claimant testified as follows:

QR: Are you willing to quit school for full-time employment?

AC: Well, see, that's a predicament you get into, I guess, if whether you want me to quit school in order to draw unemployment.

QR: It's not what I want, sir. It's what you're primary objective is, your education or your job.

AC: Both.

QR: Okay. Did you ever talk to the school about changing your school hours so you could get a job?

AC: No, I didn't.

418

on a consideration of the factors expressed in *Reardon,* we conclude that the claimant has not rebutted his presumption of unavailability, and hence has not satisfied the availability requirements of Section 401 (d) of the Law.

We need not consider claimant's additional claim that he was prejudiced by the referee's failure to question him about his back condition. Since claimant's medical condition was not relevant to the issue before the referee, no error was committed. Accordingly, we enter the following

ORDER

AND Now, this 17th day of December, 1980, the order of the Unemployment Compensation Board of Review, dated December 10, 1979, Decision No. B-178548, denying benefits to John W. Rich is affirmed.