James R. Antos, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

598

Argued December 11, 1980, before Judges MAC-PHAIL, WILLIAMS, JR. and PALLADINO, sitting as a panel of three.

*James R. Antos,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Acting Attorney General, for respondent.

OPINION BY JUDGE PALLADINO, February 12, 1981:

This is an appeal from an order .of the Unemployment Compensation Board of Review which sustained a referee's decision requiring the claimant, James Antos, to repay $3,003 to the Commonwealth for 21 weeks worth of unemployment compensation benefits he received for the weeks ending September 9, 1978 through January 27, 1979. We affirm.

The claimant in this case is 32 years old, is separated from his wife, and has no children. In 1970 the claimant received a master's degree in French and subsequently enrolled in a French doctoral program. While he pursued his doctoral studies, the claimant also worked as an instructor at Carnegie-Mellon University (C.M.U.) between the years of 1973 and 1978 at an annual salary of $10,000. In 1978 the claimant was informed that he would not be rehired as an instructor for the 1978-79 school year. Unable to locate a suitable teaching position, the claimant filed for unemployment compensation benefits, and subsequently enrolled in September of 1978 as a full-time graduate student at C.M.U.'s School of Industrial Administration. Between September of 1978 and January of 1979 the claimant collected unemployment compensation benefits, but failed to inform the Bureau, now Office, of Employment Security (Bureau) of his full-time student status. Upon discovering this status, the Bureau cancelled the claimant's benefits and issued a Notice of Determination of Overpayment ordering the claimant to repay the Commonwealth $3,003.

On appeal the referee affirmed the Bureau's decision concluding that the claimant had not been genuinely and realistically attached to the labor force when he had received the benefits as required by Section 401(d) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §801(d). The sole issue raised in this appeal is whether the referee erred as a matter of law in reaching this conclusion.

There is a presumption in the law that a claimant is not "able to work and available for suitable work" within the intendment of Section 401(d) of the Law if he is a full-time student. *Rich v. Unemloyment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 414, 423 A.2d 61 (1980); *Woodley v. Unemployment*

*Compensation Board of Review*, 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974). This presumption is not irrebuttable, however. *See, e.g., Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977); *Patronas v. Unemployment Compensation Board of Review*, 5 Pa. Commonwealth Ct. 491, 291 A.2d 118 (1972). In determining whether a claimant has rebutted this presumption, courts have looked to, amongst other factors, "[e]mployment history, and particularly the duration of full time employment; economic requirements, especially those relating to support obligations; and good faith efforts to obtain unconditional full time employment...." *Reardon, supra* at 143, 373 A.2d at 149. (Footnotes omitted.)

After carefully reviewing the record in this case, we do not believe that the referee erred in concluding that the claimant did not overcome the presumption of unavailability. In those cases where we have found that the claimant has overcome the presumption we have usually placed heavy emphasis on evidence of economic support obligations which would suggest a willingness to leave school for work. *See, e.g., Reardon, supra; Patronas, supra; Wiley Unemployment Compensation Case*, 195 Pa. Superior Ct. 256, 171 A.2d 810 (1961). In the present case, however, there is no evidence of such support obligations.

We have also traditionally emphasized a long history of full-time employment. *See, e.g., Woodley, supra; Patronas, supra.* In the present case, however, the claimant simply held a relatively low-paying teaching position while he pursued his doctoral studies. We do not believe that this work history is sufficient to suggest a genuine attachment to the labor force.

Finally, we note that nowhere in the record do we see any evidence of what steps the claimant took to secure other temporary teaching positions.

Accordingly, we enter the following

ORDER

AND Now, February 12, 1981, the order of the Unemployment Compensation Board of Review, dated May 24, 1979, Decision No. B-172521, is affirmed.