Feliks Frenkel, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1981, before Judges MENCER, MACPHAIL and PALLADINO, sitting as a panel of three.

*Andrew F. Erba,* for petitioner.

*William J. Kennedy,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY JUDGE MACPHAIL, April 27, 1981:

This is an appeal by Feliks Frenkel (Claimant) from an order of the Unemployment Compensation Board of Review (Board) affirming the referee's decision disqualifying Claimant from receiving benefits under the provisions of Section 401(d) of the Unemployment Compensation Law (Act).[1] Section 401(d) of the Act provides that:

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

Compensation shall be payable to any employee who is or becomes unemployed and who —

. . . .

(d) Is able to work and available for suitable work. . . .

The Board made the following findings of fact:

1. The claimant was last employed by Food Fair as a part-time cashier for seven months until February 2, 1979, when his last salary was $5.58 an hour; the claimant was separated from his last employment for reasons not at issue in this appeal.

2. The claimant is a full-time student at the University of Pennsylvania.

3. The claimant is attending school Monday through Friday, 9:00 a.m. to 1:30 p.m.

4. During the period at issue the claimant was unable to change his school hours.

5. The claimant is not able and available for work during the period at issue.

Based on these findings, the Board concluded that Claimant had not rebutted the presumption that as a full-time student he was not able and available for work. We agree.

Claimant first attacks the Board's findings of fact No. 3, No. 4, and No. 5. Claimant argues that finding No. 3, pertaining to Claimant's class schedule, is not supported by the evidence. We must agree with Claimant that finding No. 3 cannot be sustained, for, taken as a whole, the testimony shows instead that he attended classes from 10:00 a.m. to 12:00 noon on Monday, Wednesday and Friday, and from 9:30 a.m. to 1:30 p.m. on Tuesday and Thursday. This is not a matter of the Board's determining credibility of the witnesses, for in this record Claimant's class schedule is solely within his own knowledge. Despite the

Board's error, the slight difference between the two sets of class hours (14 versus 20 hours) has no effect on our affirmance of the Board's decision.

In regard to finding No. 4, the assertion that Claimant would have changed his hours at the beginning of the semester had he recieved prior notice that he would be laid off is irrelevant to the period at issue. Thus, this alleged fact is properly absent from finding No. 4.

Neither can we agree with Claimant that finding No. 5 is a conclusion of law and thus improper. It has been held that generally a determination of whether a claimant is available for work as required by Section 401(d) of the Act is a question of fact for the Board. *Goodwin v. Unemployment Compensation Board of Review,* 32 Pa. Commonwealth Ct. 285, 378 A.2d 1308 (1977).

Claimant primarily argues that he was available for work, and, alternatively, that he rebutted any presumption of unavailability. This Court has held on numerous occasions that there is in the law a presumption that a full-time student is not available for work. *Reardon v. Unemployment Compensation Board of Review,* 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977); *Woodley v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974). This presumption may be rebutted by the student. *Unemployment Compensation Board of Review v. Siene,* 24 Pa. Commonwealth Ct. 430, 357 A.2d 228 (1976).

In order to rebut the presumption, a claimant must demonstrate that he does not fall into the category of an ordinary college student whose primary purpose is to obtain an education and who is available for work only conditionally or on a limited basis. Courts have considered as rebuttal evidence employment history and particularly the duration of full-time employ-

ment, economic requirements, especially those related to support obligations, and good faith efforts to obtain unconditional full-time employment. *Reardon, supra.*

The Claimant does not dispute the Board's finding that he is a full-time student; therefore, the valid presumption of unavailability for work automatically applies to him. Claimant claims nevertheless that he has rebutted the presumption of unavailability by demonstrating that he worked full-time prior to his layoff,[2] using the money to pay for his living expenses, that he only attended classes twelve hours a week, that he was available for night and weekend work, and that he actively applied for other jobs and obtained one in May of 1979.

Claimant's situation is clearly distinguishable from that of the claimant in *Reardon, supra,* who was granted benefits. Here, Claimant, a third year college student, was found by the Board to have only been employed part-time by Food Fair for seven months preceding his layoff and to have not been employed elsewhere during college. In *Reardon,* the student claimant had worked full-time for the past 32 months. Claimant's earnings were needed only for his own living expenses, whereas the claimant's earnings in *Reardon* supported claimant, his wife, and a child. This Claimant testified that he would have changed his class schedule at the beginning of the semester, had he known he would be laid off mid-semester. He stated that he could not change his schedule at the time he was laid off, however, and he made no mention of the necessity of quitting school to obtain a job. On the other hand, claimant in *Reardon* declared he would rearrange his schedule or, if necessary, postpone his education.

---

[2] Claimant does not actually challenge finding of fact No. 1 which, *inter alia*, states that he was employed part-time.

Claimant's situation is more akin to that of the student in *Popelas v. Unemployment Compensation Board of Review,* 18 Pa. Commonwealth Ct. 92, 333 A.2d 831 (1975). Popelas was a single college student, who could not change his course schedule. The court therein found that the claimant had not rebutted the presumption of unavailability, for "[c]ommendable as it no doubt is, not only to society but to his own intelligent self-interest, appellant's primary goal has been to acquire a college education," *Popelas, Id.* at 94, 333 A.2d at 831.

In our case, it is equally clear that Claimant is primarily a student, not a worker. His willingness to be employed conditionally does not meet the test of availability, *i.e.,* that he is realistically and genuinely attached to the labor market. *Woodley v. Unemployment Compensation Board of Review, supra.* The specific facts of Claimant's case are insufficient to rebut the presumption of unavailability.

Claimant makes a second argument, that the presumption of unavailability of students for work is offensive to the Due Process Clause of the United States Constitution. He argues that the Board created a conclusive presumption that is not necessarily true, that he could not both work and attend school. The presumption does not violate the Due Process Clause, we believe, because it is a *rebuttable* presumption, not a *conclusive* presumption. As a rebuttable presumption, a claimant's rebuttal evidence is individually considered by the Board, consistent with the right to individual determinations granted under the Due Process Clause. *See Wallace v. Unemployment Compensation Board of Review,* 38 Pa. Commonwealth Ct. 342, 393 A.2d 43 (1978). Furthermore, there are here no basic human liberties at stake, which the Due Process Clause serves to protect.

The Claimant has failed to rebut the valid presumption of unavailability; accordingly, we affirm the Board's denial of benefits.

ORDER

AND Now, this 27th day of April, 1981, the order of the Unemployment Compensation Board of Review, dated August 20, 1979, denying benefits to Feliks Frenkel, is hereby affirmed.

Judge WILKINSON, JR. did not participate in the decision in this case.