David B. Hanson, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued April 9, 1981, before Judges MENCER, CRAIG and PALLADINO, sitting as a panel of three.

*Ira P. Smades, Smades & Jones-Wenger,* for petitioner.

*Karen Durkin,* Associate Counsel, with her *Richard Wagner,* Counsel and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE CRAIG, June 1, 1981:

In this unemployment compensation appeal, the claimant[1] questions a denial of compensation by the board,[2] affirming a referee's ruling that the claimant was ineligible for compensation because he was not available for work.[3] We affirm.

On January 19, 1979, the employer[4] terminated the claimant under circumstances which did not disqualify him from receiving compensation. Consequently the claimant applied for and received benefits for the period March 10 through June 2, 1979.

---

[1] David B. Hanson.

[2] Unemployment Compensation Board of Review.

[3] Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

[4] Haranian Construction Company.

On March 5, 1979, the claimant became a full-time college student, a status he maintained until July 1979; the record reveals that the claimant never informed the compensation authorities that he was a full-time student. The Unemployment Compensation authorities determined, not only that the claimant was ineligible to receive compensation because he was not available for work, but also that a fault overpayment in the amount of $1,950 had been made to the claimant during the period between March 10 and June 2.

In *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977), this court held that there is a rebuttable presumption that a full-time student is not available for work, but the claimant can rebut the presumption if he can establish that he is attached to the labor force and that his primary purpose is to work, rather than to obtain an education.

Based on the evidence in the record, we cannot hold that this claimant rebutted the presumption.

The claimant's sporadic work record before he became a student cannot be said to establish attachment to the labor force. Moreover, the claimant did not work at all during the period he attended school. Such evidence provides no support for the claimant's contention that his education was secondary to his desire for employment.

To support his contention that he was available for work, the claimant testified that he often missed classes because he was looking for work. However, the record is devoid of evidence to support that testimony, and the board apparently rejected the testimony on credibility grounds. The same is true of the claimant's statement in a letter to the board that he had support obligations which caused his education to be secondary to his desire for work.

Because the claimant's admitted failure to inform the bureau of his student status resulted in the bureau's overpayment to the claimant, we hold the finding of a fault overpayment to be proper.

Accordingly, we affirm the decision of the board.

ORDER

AND Now, June 1, 1981, the order of the Unemployment Compensation Board of Review is hereby affirmed.