Marianne N. Ettorre, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 10, 1980, before President Judge CRUMLISH, JR. and Judges ROGERS and WILLIAMS, JR., sitting as a panel of three.

*Kevin B. Curley,* with him *Paul J. Burgoyne,* for petitioner.

*Charles G. Hasson,* Assistant Attorney General, with him *Richard Wagner,* Chief Counsel, and *Edward G. Biester, Jr.,* Attorney General, for respondent.

OPINION BY JUDGE ROGERS, April 7, 1980:

Marianne N. Ettorre has appealed from an order of the Unemployment Compensation Board of Review (Board) affirming a referee's determination that Ms. Ettorre was ineligible for unemployment compensation benefits because she was not available for suitable work as required under Section 401.(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

The issue in this case is whether Ms. Ettorre was primarily a student who also worked, or a worker who also attended school. The referee found that Ms. Ettorre attended college on a part-time basis and was completing her final year. The referee also stated in finding of fact number 3 that Ms. Ettorre "is and has been primarily a student and during the period involved in this appeal was working on a part-time basis while attending college." The referee concluded that Ms. Ettorre was primarily a student and therefore not available for work.[1]

---

[1] The referee's order affirmed by the Board also held that Ms. Ettorre was subject to a non-fault overpayment of $373.00 for benefits received while she was ineligible. That part of the order was

Ms. Ettorre claims that the referee's finding of fact number 3 must be ignored because a determination of whether or not a person is primarily a student is not a proper finding of fact but rather is a conclusion of law. She further claims that once finding of fact number 3 is ignored, there is not substantial evidence to support the conclusion that she was primarily a student.

We agree that that part of the referee's finding of fact number 3 which states that Ms. Ettorre "is and has been primarily a student" must be ignored, since whether or not a person is primarily a student is a legal issue and not a real factual finding. *In Re: Claim of James Wright*, 25 Pa. Commonwealth Ct. 522, 524-25, 360 A.2d 842, 844-45 (1976).

The remainder of the finding of fact number 3, to the effect that Ms. Ettorre was working part time while attending college remains intact and that portion of the finding and the other findings of fact made by the referee are supported by substantial evidence, to wit, Ms. Ettorre's own testimony. This testimony reveals that Ms. Ettorre had been attending college continuously since her graduation from high school and that she had worked throughout her college career.

A rebuttable presumption exists that a student is not available for work so as to qualify for unemployment benefits. *Reardon v. Unemployment Compensation Board of Review*, 30 Pa. Commonwealth Ct. 139, 373 A.2d 146 (1977). The presumption is rebutted if the claimant proves that her primary purpose is to work, rather than to obtain an education while working to pay for that education. In making this determination, our courts have considered various factors, including a person's "[e]mployment history, and par-

—————

not appealed. Since we are affirming the order, recoupment will be allowed as provided for in Section 804(b) of the Unemployment Compensation Law, *as amended*, 43 P.S. §874(b).

ticularly the duration of full-time employment; economic requirements, especially those related to support obligations; and good faith efforts to obtain unconditional, full-time employment.'' *Reardon, supra,* 30 Pa. Commonwealth Ct. at 143, 373 A.2d at 149. (Footnotes omitted.) In the instant case, Ms. Ettorre has never been employed full time except during summer vacations. At the time of her application for benefits Ms. Ettorre was twenty-one years old, single and living with her parents and therefore had none of the support obligations that we have in the past found necessary to rebut the presumption of unavailability for work. *See, e.g., Reardon, supra* (claimant was married and had a child, order of the Board denying benefits reversed and remanded); *In Re: Claim of James Wright, supra* (claimant twenty years old, single and living at home, benefits denied); *Patronas v. Unemployment Compensation Board of Review,* 5 Pa. Commonwealth Ct. 491, 291 A.2d 118 (1972) (claimant married and had a child, order of the Board denying benefits reversed and remanded). Moreover in those cases where we held that benefits should have been granted, the claimant had testified to a willingness to quit school if necessary to gain employment. *See, e.g., Reardon, supra; Patronas, supra. See also Lipchak v. Unemployment Compensation Board of Review,* 34 Pa. Commonwealth Ct. 451, 383 A.2d 970 (1978); *Woodley v. Unemployment Compensation Board of Review,* 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974). Ms. Ettorre, however, stated in her Summary of Interview only that she would rearrange her class schedule to accommodate her employment. This is not enough to show unconditional availability for full-time work. *Woodley, supra.* Therefore, the Board did not err in affirming the referee's conclusion that Ms. Ettorre was primarily a student and thus was ineligible for unemployment compensation benefits.

ORDER

AND Now, this 7th day of April, 1980, the order of the Unemployment Compensation Board of Review denying unemployment compensation benefits to Marianne Ettorre is affirmed.