Gary M. Villante, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued November 19, 1981, before President Judge CRUMLISH, JR. and Judges WILLIAMS, JR. and MAC-PHAIL, sitting as a panel of three.

*Bruce P. Friedman, Cohn & Orlowitz,* for petitioner.

*William Kennedy,* Associate Counsel, with him *Elsa D. Newman-Silverstine,* Assistant Attorney General, *Richard Wagner,* Chief Counsel, and *Harvey Bartle, III,* Attorney General, for respondent.

OPINION BY PRESIDENT JUDGE CRUMLISH, JR., March 11, 1982:

Gary Villante appeals an Unemployment Compensation Board of Review order which found him ineligible for benefits under Section 401(d)[1] of the Unemployment Compensation Law. We vacate and remand.

Villante worked full-time for Gould, Inc., on the 4 p.m. to 12:30 a.m. shift for the two years prior to his layoff. In the second year of his employment, he enrolled as a day student at Penn State. When he was laid off, without fault of his own, the Board denied benefits concluding that he was primarily a student and thus unavailable for work.

Is Villante's "primary purpose . . . to work, rather than to obtain an education while working to pay for that education," *Ettorre v. Unemployment Compensation Board of Review,* 50 Pa. Commonwealth Ct. 315, 317, 413 A.2d 6, 8 (1980)? We must in our determination consider a number of factors: duration of full-time employment, support obligations, economic requirements and efforts to obtain full-time employment. *Id.* at 317, 413 A.2d at 8.

This record is bare, providing only the uncontradicted testimony of Villante. Based on the findings

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d).

made from this record, we are unable to determine whether Villante's primary goal was to work or to obtain an education. We must remand for more adequate findings on which to perform our appellate review, *Falciglia v. Unemployment Compensation Board of Review*, 55 Pa. Commonwealth Ct. 34, 422 A.2d 1204 (1980).

This case is remanded for proceedings consistent with this opinion.

### ORDER

The order of the Unemployment Compensation Board of Review, No. B-176040, dated September 25, 1979, is vacated and remanded for proceedings consistent with this opinion.

Judge PALLADINO did not participate in the decision in this case.