34 N.J. Super. 349 (1955)
112 A.2d 571
TUNG-SOL ELECTRIC, INC., APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND STEFANIA S. PLONKA, RESPONDENTS.
TUNG-SOL ELECTRIC, INC., APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND MARGARET KOLOSEK, RESPONDENTS.
TUNG-SOL ELECTRIC, INC., APPELLANT,
v.
BOARD OF REVIEW, DIVISION OF EMPLOYMENT SECURITY, DEPARTMENT OF LABOR AND INDUSTRY, STATE OF NEW JERSEY, AND GENEVIEVE COSME, RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued February 21, 1955.
Decided March 14, 1955.
*350 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. John F. Lynch argued the cause for appellant (Messrs. O'Mara, Schumann, Davis & Lynch, attorneys).
*351 Mr. William Rossmoore argued the cause for the individual respondents.
Mr. Clarence F. McGovern argued the cause for the Board of Review (Mr. Grover C. Richman, Jr., Attorney-General).
The opinion of the court was delivered by CLAPP, S.J.A.D.
These are unemployment compensation cases, but we need concern ourselves with only one of them. The claimant in that case was laid off by her employer on November 20, 1953 as a result of an industrial recession in the locality. Prior thereto she had been working for this employer from 5:45 P.M. to 11:45 P.M., less than a full-time shift. After being discharged, she held herself available only for part-time work  that is, for work commencing not earlier than 4:30 P.M. and lasting not later than 12 midnight.
The Board of Review decided for the claimant, and the employer appeals. The appellant concedes that the question here requires a consideration of only that portion of N.J.S.A. 43:21-20.1 which we have italicized below:
"A claimant who, during a substantial portion of his base year, has been performing less than full-time work and who limits his availability to less than full-time work shall be eligible for benefits only if and when in his benefit year there is good cause for such limitation and there exists in his work locality a sufficient amount of suitable work to justify such limitation, subject to the further condition that such claimant must be available for enough weekly hours, or amount, of such work to be able to earn remuneration equivalent to his weekly benefit amount."
The italicized words must, we apprehend, be read with the general provision of the Unemployment Compensation Law, N.J.S.A. 43:21-4(c), which renders a claimant ineligible for benefits unless he is "available for work." The statement appended to the bill, which became N.J.S.A. 43:21-20.1, indicates the bill was proposed in view of the board's interpretation of this provision.
The concept of availability for work, which by 1950 had given rise to some 400,000 appeals (Altman, Availability for *352 Work, xiii, 1950), has been built up by the decisions. In Krauss v. A. & M. Karagheusian, 13 N.J. 447, 460 (1953), our Supreme Court had this to say as to the matter:
"* * * the availability test is not met unless there exists a labor market to which he [the claimant] may be attached, that is, it must appear that there is a substantial amount of work in the area for the skills he has to offer. Valenti v. Board of Review [4 N.J. 287], supra. This does not mean that job vacancies must exist. `It means only that the type of services which an individual is offering is generally performed in the geographical area in which he is offering them.' 55 Yale L.J., p. 124; Valenti v. Board of Review, supra." (Emphasis added.)
In Valenti v. Board of Review, 4 N.J. 287, 292 (1950), supra  a case holding that garment work at home was "not an accepted mode of service in that community"  the court said that the Unemployment Compensation Law is designed to provide relief even though "a labor market * * * for the time being offers no employment opportunities." See in accord Reger v. Administrator, Unemployment Comp. Act, 132 Conn. 647, 46 A.2d 844, 846 (Sup. Ct. Err. 1946); Ashmore v. Unemployment Compensation Commission, 7 Terry 565, 86 A.2d 751, 753 (Del. Super. Ct. 1952); Altman, supra, 110 (1950); Freeman, 55 Yale L.J. 123, 124 (1945); Freeman, 10 Ohio St. L.J. 181, 182 (1949); cf. Glover v. Simmons Co., 17 N.J. 313, 319 (1955). This design  to furnish compensation in the event of a business recession  is a matter that lies at the very heart of the act. The Unemployment Compensation Law was surely not intended to provide benefits only in times of "full employment." Altman, 10.
To determine, then, under N.J.S.A. 43:21-4(c) whether there is a labor market, we must have regard for normal times. In Erie Resistor Corp. v. Unemployment Comp. Bd. of Rev., 172 Pa. Super. 430, 94 A.2d 367, 370 (Super. Ct. 1953), the court, referring to a labor depression, stressed the point that a labor market exists if normally there are work opportunities. As Altman says (pp. 15, 110), the *353 criterion must be the number of jobs, filled or unfilled, that normally exist in the locality.
Now, having in mind these general principles as to availability, we return to the words of N.J.S.A. 43:21-20.1, which present the problem here:
"A claimant * * * shall be eligible for benefits only if and when in his benefit year * * * there exists in his work locality a sufficient amount of suitable work to justify" him in limiting his availability to less than full-time work.
Does the law by these words
"there exists * * * a sufficient amount of suitable work to justify such limitation"
have reference to "job vacancies" (Krauss v. A. & M. Karagheusian, 13 N.J. 447, 460, supra)? We think clearly not. It would have been easy enough for the draftsman of the statute to have said so in so many words.
We think the statute merely requires that in the benefit year there must exist that which is designated in a large and somewhat indistinct fashion as a labor market. Cf. Freeman, 55 Yale L.J. 123, 130 (1945), dealing with part-time workers. The pertinent language of the statute too obviously is nearly copied from expressions, to be found in the books, as to what constitutes a labor market or as to what quantity of work is necessary in order to render a claimant "available for work":
"* * * there exists a labor market * * * that is, * * * a substantial amount of [suitable] work." Krauss v. A. & M. Karagheusian, 13 N.J. 447, 460, supra.
"* * * the very heart of availability determination is the need to find that the claimant is available for a sufficient amount of work." Altman, supra, 35. "Availability must be for a substantial amount of suitable work." Altman, 105 (Italics in text).
"So long as the claimant is ready, willing and able to accept some substantial and suitable work he has met the statutory requirements." Bliley Electric Co. v. Unemployment Comp. Bd. of Rev., 158 Pa. Super. 548, 45 A.2d 898, 905 (Super. Ct. 1946).
*354 "All that is necessary is availability for a substantial amount of suitable work." Federal Bureau of Employment Security, Principles Underlying Availability for Work, p. 14.
Under N.J.S.A. 43:21-20.1 there must exist, then, in times of depression, a sufficient residue of work left over from normal times, so that, looking at the situation with a view to normal conditions, one may say that the claimant is justified in limiting his availability. Cf. Altman, 185; Altman & Lewis, 28 Minn. L. Rev. 387, 411 (1944). The claimant finds his justification in the fact that this market for suitable part-time work exists in ordinary times.
The statute, as a cushion against subnormality, holds the award of compensation up to a standard of normality. It was intended  and we think this to be a telling argument  to provide unemployment benefits for a part-time worker, not merely in good times, but in times of depression.
The employer challenges the sufficiency of the findings of the Board of Review. The board found claimant's unemployment to have been directly attributable to a depression in industry. It found, too, in general terms that some concerns in addition to appellant still had female employees working a part-time shift. The findings should have been more detailed; but, we conclude, the case is governed by In re Greenville Bus Co., 17 N.J. 131, 148 (1954), and we should not reverse. In the course of that decision, it was said:
"We and the interested parties know fully the meaning of the board's decision * * *."
That, too, is the case here, and we cannot but regard a remand for findings in such an event as a pure technicality.
Besides, here the evidence, though it could have been fuller, is simple and uncontroverted. In the fall of 1953 there were in this work locality several thousand of these part-time female workers performing comparable work, including 800-900 in appellant's plants. When industrial conditions became poor, those women were the first to be laid off. One company *355 that had had 600-700 such employees in the fall of 1953 and perhaps for four to five years previously, had none in its employ in the spring of 1954. Still in that spring there were 300 of such employees in appellant's plants and some of them in other concerns and industries in the area. The evidence provides us with some picture of the situation, albeit with little specificity and with nothing in the way of a census of such employees at the times in question. However, problems of this sort need not and cannot be put upon a mathematical basis.
Though the active part-time labor market for these women was thus much reduced in this period of recession, still (as we understand the evidence) it was to be anticipated that if employment picked up generally, this market would improve too. In the spring of 1954 there was still, without doubt, a "substantial amount of work in the area" (Krauss v. A. & M. Karagheusian, 13 N.J. 447, 460, supra) for such part-time workers and, we conclude, a labor market sufficient to justify the limitation claimant put upon her availability.
Appellant's application to the board for a rehearing before it on the ground that its decision was contrary to the weight of the evidence, was denied by the board, and we see no abuse of discretion.
Under the stipulation filed herein, an affirmance as to this claim requires an affirmance of the other cases before us.
Affirmed.