**Marjorie K. HARPER**

v.

**UNEMPLOYMENT INSURANCE APPEAL BOARD.**

Superior Court of Delaware, New Castle.

May 30, 1972.

William H. Bennethum, Wilmington, for appellant.

Jay H. Conner, Wilmington, for appellee.

QUILLEN, Judge.

This matter is before the Court on appeal from a decision by the Unemployment Insurance Appeal Board denying the appellant unemployment compensation benefits.

For twenty-four years the appellant, Mrs. Marjorie K. Harper, worked two days a week for a local physician. Suffering from hypertension, on the advice of her physician she never worked on a full time basis.

In June 1971, Mrs. Harper lost her job through no fault of her own and subsequently applied for unemployment compensation benefits. In an interview at the Department of Labor, Mrs. Harper stated:

> "I am not looking for full time employment. I have high blood pressure and am not allowed to seek such full time work. I have never worked on a full time basis. Under the care of a doctor."

Title 19, Delaware Code, Section 3314 (3) provides in pertinent part:

> "3314. *Eligibility for benefits* An unemployed individual shall be eligible to receive benefits with respect to any week only if the Commission finds that he—
>
> \* \* \* \* \* \*
>
> (3) Is able to work, and is available for work, and is actively seeking work . . ."

The Unemployment Insurance Appeal Board, adopting the opinion of the Appeals Referee, determined that "available for work," pursuant to 19 Del.C. § 3314(3), meant availability for full time employment and denied the appellant benefits due to unavailability for work on a full time basis.

The statutory language "available for work," in the context of full time or part-time employment, has not been previously construed in Delaware. The authority in other jurisdictions is divided. A review of the law in neighboring states is indicative of the division. In New Jersey, by statute, part-time availability is not a disqualification for benefits for a claimant who, during a substantial portion of his base year, has "been performing less than full-time work and who limits his availability to less than full-time work . . : only if and when in his benefit year there is good cause for such limitation and there exists in his work locality a sufficient amount of suitable work to justify such limitation, subject to the further condition that such claimant must be available for enough weekly hours, or amount, of such work to be able to earn remuneration equivalent to

his weekly benefit amount." N.J.S.A. § 43:21–20.1. See also Tung-Sol Electric v. Board of Review, 34 N.J.Super. 349, 112 A.2d 571 (1955). In Maryland, where there is no statute making part-time workers eligible for benefits, the courts have construed the "available for work" requirement to mean that one who restricts the hours during which he is available for work is not eligible to receive compensation. See Robinson v. Maryland Employment Security Board, 202 Md. 515, 97 A.2d 300 (1953). The courts in Pennsylvania, which like Maryland has a statute similar to ours, requiring an individual to be "available for work" to be eligible for benefits, have determined that a claimant "ready, willing and able to accept some substantial and suitable work . . . has met the statutory requirements." Bliley Electric Co. v. Unemployment Compensation Board of Review, 158 Pa.Super. 548, 45 A.2d 898, 905 (1946); Shay v. Unemployment Compensation Board of Review, 177 Pa.Super. 294, 111 A.2d 174 (1955). See generally, Broden, Law of Social Security and Unemployment Insurance, § 8.19.

■ A basic policy of unemployment compensation statutes is to protect workers from the hazard of involuntary unemployment; to compensate individuals in the labor market who, through no fault of their own, are unemployed. Emrick v. Unemployment Compensation Commission, 3 Storey 561, 173 A.2d 743 (1961); Ashmore v. Unemployment Compensation Commission, 7 Terry 565, 86 A.2d 751 (1952). The Delaware General Assembly, when enacting the unemployment compensation law (41 Del.Laws, Chapter 258), clearly stated the public policy of the State:

"Economic insecurity due to unemployment is a serious menace to the health, morals, and welfare of the people of this State. Involuntary unemployment is therefore a subject of general interest and concern which requires appropriate action by the Legislature to prevent its spread and to lighten its burden which now so often falls with crushing force upon the unemployed worker and his family. The achievement of social security requires protection against this greatest hazard of our economic life. This can be accomplished by encouraging employers to provide more stable employment and by the systematic accumulation of funds during periods of employment from which benefits may be paid for periods of unemployment, thus maintaining purchasing power and limiting the serious social consequences of poor relief assistance. The Legislature, therefore, declares that in its considered judgment the public good, and the general welfare of the citizens of this State require the enactment of this measure, under the police power of the State, for the compulsory setting aside of an unemployment reserve to be used for the benefit of persons unemployed through no fault of their own." 19 Del.C. § 3301.

To test a claimant's attachment to a labor market, our statute requires that an individual must be "available for work." 19 Del.C. § 3314(3); Ashmore v. Unemployment Compensation Commission, *supra*. In *Ashmore*, where the court reversed a decision by the Unemployment Compensation Commission denying a claimant benefits when the record failed to establish that he removed himself from the labor market, Judge (now Supreme Court Justice) Herrmann, quoting from 55 Yale Law Journal, 123, 124, considered the meaning of the availability requirement within the context of Delaware's statute:

"The availability requirement is said to be satisfied when an individual is willing, able and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market. Since, under unemployment compensation laws, it is the availability of an individual that is required to be tested, the labor market must be described in terms of the individual. A labor market for an individual exists when there is a market for the type of services which he offers in the geograph-

ical area in which he offers them. 'Market' in this sense does not mean that job vacancies must exist; the purpose of unemployment compensation is to compensate for the lack of appropriate job vacancies. It means only that the type of services which an individual is offering is generally performed in the geographical area in which he is offering them." Ashmore v. Unemployment Compensation Commission, *supra*, 86 A.2d at 753.

■ The unemployment compensation statute should be liberally construed. Justice (then Judge) Carey has noted that "(i)n interpreting the (Unemployment Compensation) Act, we should not exclude from its benefits any person who is unemployed through no fault of his own, unless the Legislature itself has demonstrated an intent to do so by words fairly clearly showing such intent." Emrick v. Unemployment Compensation Commission, *supra*, 173 A.2d at 745. 19 Del.C. § 3314(3) requires a claimant to be "available for work" to be eligible to receive benefits. There is no language in the statute which requires an individual to be available for full time or permanent, as distinguished from temporary or part-time, employment. If the General Assembly had intended to make eligible for benefits only unemployed persons "available for work *full-time*," it would have so stated in the Act.

In the present case, the appellant has good cause for seeking part-time employment. Suffering from hypertension, Mrs. Harper's health prevents her from accepting full time work. So long as a claimant with such good cause for seeking part-time employment is genuinely part of a labor market and is willing, able and ready to accept some suitable work, he has met the statutory requirement of being "available for work" under 19 Del.C. § 3314(3). See Shay v. Unmployment Compensation Board of Review, *supra*.

The record of the proceedings below does not indicate whether Mrs. Harper is attached to an identifiable labor market. While the appellant worked for a local physician for twenty-four years, there is no indication in the record of the nature of the services she performed or whether there is a market for those services. These factual determinations are necessary to determine her eligibility. Since the Board viewed the law differently, proper inquiry was in effect foreclosed.

Pursuant to 19 Del.C. § 3323, providing for judicial review, the decision of the Unemployment Insurance Appeal Board is reversed and remanded for further hearings in accordance with this opinion. It is so ordered.