John Zukauskas, Petitioner v. Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued March 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*Joseph G. Quinn,* with him *O'Malley, Evers, Geroulo & Quinn,* for appellant.

*John T. Kupchinsky,* Assistant Attorney General, with him *Elsa Newman,* Assistant Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., May 25, 1979:

John Zukauskas (Claimant) appeals an order of the Unemployment Compensation Board of Review (Board) disallowing further appeal from a referee's adverse determination. Zukauskas was deemed primarily a student and ineligible for benefits pursuant to Section 401(d) of the Unemployment Compensation Law.[1] The Bureau of Employment Security (Bureau) was ordered to recoup any overpayments.[2]

---

[1] Section 401(d) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §801(d), provides that a claimant must be available for work.

[2] We are not here concerned with the fault overpayment issue, however, we note that the Bureau has calculated a $3,450.00 overpayment.

Is Zukauskas primarily a student who works or primarily a worker who goes to school?

We hold that he is the former, and affirm.

On May 11, 1977, the Bureau issued an Advance Notice verifying that Claimant was attending college while receiving unemployment compensation. The Bureau subsequently ruled that Zukauskas was ineligible and the referee and Board agreed, resulting in this appeal.

We have in the past held that a rebuttable presumption exists that a full-time student is not available for work within the strictures of Section 401(d)[3] and the instant record fails to rebut that presumption.

This single 23-year old male with no dependents to support[4] was service disconnected in 1974. After discharge, he worked as a clerk typist for nine months and a postal worker for a year. On February 9, 1976, he was laid off due to lack of work from the post office. He applied for unemployment compensation on February 8, 1976. This 21-month period is the extent of his work history.

During his tenure as a postal worker he attended classes full time at Lackawanna Junior College. In February, 1976, when he was laid off, he continued as a full-time student completing his third semester at Lackawanna, some four months later, in May, 1976. He did not work during the following summer months.

In September, 1976, still without work, Zukauskas enrolled at Bloomsburg State College in a program subsidized by G.I. benefits. He reapplied for the

---

[3] See Claim of Wright, 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976), and Woodley v. Unemployment Compensation Board of Review, 13 Pa. Commonwealth Ct. 8, 317 A.2d 897 (1974).

[4] Claimant testified that he is the primary source of income for his mother and sister. This testimony was inconsistent with his prior written statement that he had no dependents, and with a latter statement that he merely contributed to their support.

spring semester and continued in school until May when the Bureau made its determination.

Claimant testified that he must support his mother and sister, that he would quit school if offered a job, and that he has sought employment.

It is obvious to us, as it was to the compensation authorities, that Claimant's primary goal was a college education. His repeated registrations and long-term full-time college attendance while employed and unemployed, measured against his brief and undocumented testimony regarding attempts to secure employment, coupled with his short term work history, idle summers and vacation breaks indicate that Zukauskas's only career was that of a "perennial student."

The legislature never intended to partially subsidize the expenses of education by making available the limited funds created by the Unemployment Compensation Law. *Claim of Wright*, 25 Pa. Commonwealth Ct. 522, 360 A.2d 842 (1976).

Accordingly, we

### ORDER

AND Now, this 25th day of May, 1979, the order of the Unemployment Compensation Board of Review, at No. B-149297, mailed September 12, 1977, is affirmed.