Brian MORGAN, Appellant,

v.

UNEMPLOYMENT INSURANCE APPEAL BOARD, Appellee.

Superior Court of Delaware, New Castle County.

Heard June 13, 1980.

Decided June 19, 1980.

James R. Leonard of Potter & Carmine, Wilmington, for appellant.

Jay H. Conner, Wilmington, for Unemployment Ins. Appeal Bd.

STIFTEL, President Judge.

This is an appeal by the Claimant, Brian Morgan, from a decision of the Unemployment Insurance Appeal Board denying him a "trade readjustment allowance" under the Trade Act of 1974, 19 *U.S.C.A.* §§ 2271 *et seq.* and regulations promulgated thereunder.

Claimant was employed at the Phoenix Steel Plant in Claymont, Delaware. He was laid off in October, 1978, in the course of a general layoff at that plant. Claimant returned to work at said plant commencing the week of May 6, 1979.

Claimant applied for and received benefits until the week of April 1, 1979, at which time he was denied benefits for the period April 1, 1979 through May 5, 1979. The denial was predicated on his ostensible unavailability for work as supported by the following findings of fact:

Claimant enrolled at the Delaware Technical and Community College on March 8, 1979, and attended classes three days of the week. These classes met on Mondays from 9:30 to 11:30 and 12:30 to 1:30; on Wednesdays at the same time as on Mondays; and, on Friday from 12:30 to 1:30. Claimant's last day of classes was May 28, 1979.

On the basis of the foregoing, the Board held that:

"Claimant was attending school on a regular day time basis from March 8, 1979 through May 28, 1979 and was unavailable for full time work. He is ineligible for the receipt of TRA benefits under 91.9 . . .".

Under Regulations passed pursuant to the Trade Act of 1974, 19 *U.S.C.A.* § 2271 *et seq.*, certain workers became eligible for a "trade readjustment allowance." Under 29 *C.F.R.* § 91.9, entitled "Availability for work", receipt of these benefits is conditioned on availability for work under applicable state law.[1] The Delaware Code, 19 *Del.C.* § 3314(3), provides, *inter alia*, that:

"[a]n unemployed individual shall be eligible to receive benefits with respect to any week only if the Department finds that he:

\*　　\*　　\*　　\*　　\*　　\*

(3) Is able to work and is available for work and is actively seeking work . . .".

Claimant's sole contention on this appeal is that the record is devoid of substantial evidence supporting the conclusion of the Board that Claimant was unavailable for

---

1. 29 *C.F.R.* § 91.9 provides:

"[a]n individual shall not be paid a trade readjustment allowance for a week of unemployment in which the individual is not able to work or is unavailable for work under applicable State law."

work. This contention necessitates an inquiry as to the scope of the phrase "available for work" in 19 *Del.C.* § 3314(3).[2]

In *Ashmore v. Unemployment Compensation Commission*, Del.Super., 7 Terry. 565, 86 A.2d 751 (1952), Judge (now Chief Justice) Herrmann delineated the availability requirement as follows:

"[t]he availability requirement is said to be satisfied when an individual is willing, able and ready to accept suitable work which he does not have good cause to refuse, that is, when he is genuinely attached to the labor market." 86 A.2d at 753.

This general pronouncement was subsequently adopted by Judge (now Justice) Quillen in *Harper v. Unemployment Insurance Appeal Board*, Del.Super., 293 A.2d 813, 815 (1972).

The Pennsylvania statute[3] is similar to ours, *Harper v. Unemployment Insurance Appeal Board, supra*. Until June, 1961, the Pennsylvania Courts generally denied benefits to unemployed students. This approach culminated with *Douty v. Unemployment Compensation Board of Review*, 194 Pa.Super. 220, 166 A.2d 65 (1961). See generally, Annot: "Unemployment Compensation: Eligibility As Affected by Claimant's Refusal To Work At Particular Times Or On Particular Shifts", 35 *A.L.R.3d* 1129, 1154–1157 (1971). Despite denying benefits, these cases did not utilize a *per se* rule of ineligibility. Benefits normally were precluded on a case-by-case factual determination. *Marjoris v. Unemployment Compensation Board of Review*, 192 Pa.Super. 269, 162 A.2d 86, 87 (1960).

A discernible shift in policy is manifested by *Wiley v. Unemployment Compensation Board of Review*, 195 Pa.Super. 256, 171 A.2d 810 (1961). In *Wiley* the Claimant was twenty-eight years old and had a wife and two children. He had been continuously employed following graduation from high school. He was laid off by his employer, a steel company, and his attempts to secure other employment proved futile. He attended college either full-time or part-time during off hours. Claimant testified that he would leave school in order to accept a job. The *Wiley* Court observed that Claimant:

"was and is realistically and genuinely attached to the labor market. He does not fall into the category of an ordinary college student whose primary purpose is to obtain an education, and who is available for work only conditionally or on a limited basis. Attendance at college was not this appellant's primary purpose . . In the absence of proof that appellant refused suitable employment, he should not be denied benefits." 171 A.2d at 811–812.

The relationship between student status and unavailability in the law of unemployment compensation was synthesized in *Reardon v. Unemployment Compensation Board*, 30 Pa.Cmwlth. 139, 373 A.2d 146 (1977). The *Reardon* Court set forth these principles:

(1) there is a rebuttable presumption that a full-time student is not available for work;

(2) to rebut the presumption, Claimant must demonstrate that he does not fall into the category of an ordinary college student whose primary purpose is to obtain an education and who is available for work only conditionally or on a limited basis;

(3) in arriving at a determination of primary purpose, the factors to be examined include employment history and the duration of full-time employment, Claimant's economic requirements and most particular-

---

2. There is no contention that Claimant was unable to work or was not actively seeking work.

3. *Pa.Stat.Ann.*, Tit. 43, § 801(d) provides:

"[c]ompensation shall be payable to any employe [sic] who is or becomes unemployed, and who—

\*   \*   \*   \*   \*   \*

ly, those related to support obligations, good faith efforts to obtain unconditional full-time employment,[4] and whether or not if school and employment conflict necessity dictates that Claimant accord priority to his employment and manifests a willingness to forego school. *Reardon v. Unemployment Compensation Board, supra,* 373 A.2d 148–149.

Under the *Reardon* formulation the pivotal question is whether the Claimant is primarily a student who works or primarily a worker who goes to school. *Wiley, supra,* exemplifies the latter while *Zukauskas v. Unemployment Compensation Board of Review,* 43 Pa.Cmwlth. 75, 401 A.2d 866 (1979), exemplifies the former.

In *Zukauskas, supra,* the Claimant testified that he was required to support his mother and sister, that he would quit school if offered a job and that he had sought employment. The Court held that Claimant's primary goal was a college education. Claimant's repeated registrations and long-term full-time college attendance while employed and unemployed measured against his brief undocumented testimony regarding attempts to secure employment, coupled with a short term work history, idle summers and vacation breaks, led the *Zukauskas* Court to conclude that Claimant was a "perennial student".

In view of the basic policy of Delaware's unemployment statute to protect workers from the hazard of involuntary unemployment and to compensate individuals who, through no fault of their own, are unemployed, *Harper v. Unemployment Insurance Appeal Board, supra,* the *Reardon* statement of principles appears sound. Subject to one qualification, the *Reardon* test

should be used here. Under *Reardon,* the rebuttable presumption of unavailability was triggered in the case of full-time students. I see no reason why the rebuttable presumption should not apply with equal force to part-time students.

■ Since it is probable that our General Assembly never intended to subsidize the expenses of education by making available the limited funds created by the Unemployment Compensation Law, compare *Reardon, supra,* and *Zukauskas, supra,* the rebuttable presumption should apply whenever any Claimant seeking benefits is also a student, whether full-time or part-time. A Claimant's status as either a full-time or part-time student is, however, highly relevant to the question of whether the Claimant's primary purpose is employment or education and should, therefore, be treated as another factor in the determination of primary purpose.

■ The record in this case indicates that during the time in question Claimant attended classes three days a week for a total of seven hours; the school which he attended classified Claimant as a part-time student; Claimant was asked by the Referee whether or not he was available for work during this time and responded that he was and that if called back to work, he would have gone; Claimant attempted to find work at refineries in the area but failed in this attempt; Claimant was called back to work at Phoenix Steel and in fact did go back to work on May 7, 1979; Claimant testified that he has foregone school classes when necessary to continue his shift work at Phoenix Steel; and, Claimant stated that although he would rather attend school

---

"(d) Is able to work and available for suitable work."

4. It should be noted that Delaware law mandates as a separate requirement that a Claimant actively seek work. 19 *Del.C.* § 3314(3). This Court has held that the distinction between the availability requirement and the "actively seeking work" requirement should be maintained. *Ashmore v. Unemployment Com-*

*pensation Commission, supra.* The adoption of this factor may, therefore, be a mere redundancy since eligibility in Delaware has been conditioned for some time on the satisfaction of the "actively seeking work" requirement. Nevertheless, in the context of the instant question, good faith efforts to obtain full-time employment do tend to illuminate Claimant's primary purpose.

than work, it was impossible for him to do so since he needed the money.

Although under the circumstances of this case it would appear that Claimant was primarily a worker who attended school and was genuinely attached to the labor market, *Ashmore, supra,* and *Harper, supra,* and thus was available to work under 19 *Del.C.* § 3314(3), compare *Wiley, supra,* I remand to the Board for findings and decision that are consistent with the legal principles set forth in this opinion.

For the reasons given, the decision of the Board is, therefore, reversed and remanded.

IT IS SO ORDERED.