IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

IN AND FOR KENT COUNTY

| | | |
|---|---|---|
| JENNA MORAN, | ) | |
| | ) | C.A. No. K14A-03-001 JTV |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNEMPLOYMENT INSURANCE | ) | |
| APPEAL BOARD, | ) | |
| | ) | |
| Appellee. | ) | |

Submitted: June 19, 2014
Decided: September 29, 2014

Jenna Moran, *Pro Se.*

Catherine Damavandi, Esq., Department of Justice, Wilmington, Delaware.
Attorney for Appellee.

*Upon Consideration of Appellant's
Appeal from the Decision of the
Unemployment Insurance Appeal Board*
**AFFIRMED**

**VAUGHN, President Judge**

**ORDER**

Upon consideration of the appellant's opening brief and the record of this case, it appears that:

1.    This is an appeal by Jenna Moran from the Unemployment Insurance Appeal Board's decision that she was ineligible for unemployment benefits because she did not meet the statutory requirements of being able and available for work within the meaning of Title 19, Section 3315(3) of the Delaware Code.

2.    Ms. Moran worked at Uno's Chicago Bar and Grill as a hostess for four years until it closed in September 2013.  Since the fall of 2012, Ms. Moran was also pursuing a nursing degree as a full-time student at Wesley College.  During her time at Uno's Chicago Bar and Grill, she worked evenings and weekends and worked between 30 and 35 hours each week.  When Ms. Moran filed her unemployment claim, which had an effective date of September 29, 2013, she indicated on a school attendance fact finding form that she was only available for part-time work and would not accept a job that would conflict with her school schedule.

3.    On October 10, 2013, a Claims Deputy determined that Ms. Moran was ineligible from receiving unemployment benefits because as a full-time student whose primary objective was to obtain an education, Ms. Moran was not considered able and available for work within the meaning of Section 3315(3).  On November 14, 2013, an Appeals Referee affirmed the Claims Deputy's decision.  On February 12, 2014, the UIAB affirmed the Appeals Referee's decision.

4.    On appeal, Ms. Moran contends that she is willing to perform any kind of work; that she is willing to work with an employer and her school regarding

2

scheduling; and that she is hireable. During the hearings at the Department of Labor, she testified that she was looking for any kind of work, that she would try to work with the employer and try to change her classes to accommodate a work schedule, and that she had previously built her school schedule around her work schedule.

5. The function of the reviewing court is to determine whether substantial evidence supports the UIAB's findings and whether those findings are free from legal error.[1] Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[2] "The appellate court does not weigh the evidence, determine questions of credibility, or make its own factual findings."[3] If there is substantial evidence and no mistake of law, the UIAB's decision must be affirmed.[4]

6. Pursuant to Section 3315, "[a]n unemployed individual shall be eligible to receive benefits with respect to any week only if the Department finds that the individual: . . . (3) Is able to work and is available for work and is actively seeking work; . . ." There is a rebuttable presumption that a full-time student is not available for work.[5] To rebut the presumption, a claimant "must demonstrate that [the

---

[1] *Noel-Liszkiewicz v. La-Z-Boy,* 68 A.3d 188, 191 (Del. 2013) (citing *Stoltz Mgmt. Co. v. Consumer Affairs Bd.,* 616 A.2d 1205, 1208 (Del. 1992)).

[2] *Id.* (citing *Streett v. State,* 669 A.2d 9, 11 (Del. 1995)).

[3] *Id.* (citing *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66 (Del. 1965)).

[4] *City of Newark v. Unemployment Ins. Appeals Bd.,* 802 A.2d 318, 323 (Del. Super. 2002).

[5] *Morgan v. Unemployment Ins. Appeal Bd.,* 416 A.2d 1227, 1229 (Del. Super. 1980).

claimant] does not fall into the category of an ordinary college student whose primary purpose is to obtain an education and who is available for work only conditionally or on a limited basis; . . . ."[6] As stated by President Judge Stiftel in *Morgan*, the question is whether the claimant is primarily a student who works or primarily a worker who goes to school.

7. I find that the Board's conclusion that Ms. Moran is only conditionally available for work, that is, work that can be coordinated with her school schedule, is supported by the evidence and does not contain legal error. Therefore, the decision of the UIAB is *affirmed.*

**IT IS SO ORDERED.**


      /s/   James T. Vaughn, Jr.

oc: Prothonotary
cc: Order Distribution
     File

---

[6] *Id.*