# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
# IN AND FOR NEW CASTLE COUNTY

CAFFE GELATO, INC., )
)
      Appellant, )
)
      v. ) C.A. No. N13A-12-008 CLS
)
EZEKIEL TULENKO AND )
DELAWARE  DEPARTMENT OF )
LABOR, DIVISION OF )
UNEMPLOYMENT INSURANCE, )
)
      Appellees. )

Date Submitted:  November 24, 2014
Date Decided:  February 23, 2015

On Appeal from the Decision of the Delaware Department of Labor, Division of
Unemployment Insurance. **REVERSED AND REMANDED.**

## ORDER

Lauren E.M. Russell, Esquire, Young Conaway Stargatt & Taylor, LLP, 1000
North King Street, Wilmington, Delaware 19801 and Margaret M. DiBianca,
Esquire, Young Conaway Stargatt & Taylor, LLP, 1000 North King Street,
Wilmington, Delaware 19801.  Attorneys for Appellant, Caffe Gelato, Inc.

Lisa M. Morris, Esquire, Delaware Department of Justice, 820 North French
Street, Wilmington, Delaware 19801.  Attorney for Appellee, Division of
Unemployment Insurance.

**Scott, J.**

## Introduction

Employer Caffe Gelato, Inc. ("Employer" or "Caffe Gelato") appeals a decision by the Appeals Referee (the "Referee") in favor of Delaware Department of Labor, Division of Unemployment Insurance ("Division"), holding, *inter alia,* that Employer is barred from contesting the benefits wage charge assessed to it by the Division because it failed to timely return a separation notice pursuant to 19 *Del. C.* § 3317(b). The Referee determined that the Division properly mailed Employer the UC-119 separation notice, thereby affording Employer the opportunity to timely respond. It further held that Employer did not establish good cause for its untimely response. After reviewing the record, the Court finds that Employer had good cause for its untimely response and is therefore not barred from contesting the benefits wage charge assessed to it by the Division. For reasons set forth, the decision of the Referee is **REVERSED AND REMANDED.**

## Background

Appellee Ezekiel Tulenko ("Tulenko") was employed with Caffe Gelato between the end of 2011 through the beginning of 2012. Tulenko left employment with Caffe Gelato voluntarily, when he accepted a position with another employer.[1] Tulenko filed a claim for unemployment benefits on March 31, 2013.[2]

---

[1] Record at 19.
[2] *Id.* at 17, 26.

On April 3, 2013, the Division generated a UC-119 notice of separation form.[3] The Division did not receive a response to the UC-119 form from Employer.[4] Employer received a UC-12 charge statement on July 15, 2013, to which Employer requested the Division's review of on July 17, 2013.[5] On July 29, 2013, the Division notified Employer of its determination that the benefit wage charge had been properly charged against Caffe Gelato's employer account in accordance with 19 *Del. C.* § 3317(b) and § 3355(b).[6]

Employer appealed this determination to the Appeals Referee on August 1, 2013.[7] The notice of hearing was sent to the parties on September 30, 2013, stating that the hearing was scheduled for October 23, 2013.[8] The notice specified the issues to be determined at the hearing were if Employer had shown good cause for not timely returning separation information to the Department of Labor and whether the employer is barred from seeking relief from benefit wage charges.[9]

At the appeals hearing on October 23, 2013, the Division representative testified that the UC-119 was generated by the Division and mailed to Employer's

---

[3] *Id.*
[4] *Id.*
[5] *Id.* at 2, 9.
[6] *Id.* at 8.
[7] *Id.* at 12.
[8] *Id.* at 13.
[9] *Id.*

3

address of record[10] on April 3, 2013, and that the form was not returned by the employer.[11] The Division representative also testified that because Employer is the chargeable employer and the form was not returned, a charge would be assessed against Employer's merit rating account for a period of three years.[12]

Employer testified that he did not receive the UC-119 sent by the Division.[13] Employer also testified as to its mailing practice, that all mail comes to his office and is sorted through diligently.[14] Further, Employer testified that had they received the UC-119 form, they would have contested it at that point because Tulenko had voluntarily left employment at Caffe Gelato for a job at Amazon.[15]

On December 10, 2013, the Referee issued its decision, finding that Employer had not shown good cause.[16] The Referee also found that the Division's decision to assess the benefit wage charge to Employer was affirmed because Employer did not timely return the UC-119 form.[17] On December 23, 2013, Employer timely appealed the Referee's decision to the Superior Court.

---

[10] Employer's undisputed address of record is Caffe Gelato, Inc., DBA Caffe Gelato Restaurant, 90 East Main Street, Newark, Delaware 19711.
[11] Record at 17.
[12] *Id.* at 20.
[13] *Id.* at 19.
[14] *Id.* at 18.
[15] *Id.* at 18-19.
[16] *Id.* at 25-28.
[17] *Id.* at 27.

4

## Parties Contentions

Employer argues that the Referee abused its discretion because it did not make a determination as to Employer's good cause argument, but still rejected Employer's appeal. Employer argues that the issue of good cause should be remanded for decision.

The Division argues that the Referee did properly consider the information that Employer provided in support of its good cause argument and found that Employer had not established good cause sufficient to rebut the presumption that the UC-119 form was received. Thus, the Referee's decision should be affirmed.

## Standard of Review

In reviewing the decision of the Referee, this Court is limited to a consideration of the record.[18] The Court must determine only whether the ruling is supported by substantial evidence and free from error of law.[19] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[20] Substantial evidence is "more than a scintilla but less than preponderance...."[21] This Court will not make its own determination of credibility, nor will it make factual findings.[22] The Court reviews questions of law

---

[18] *Lively v. Dover Wipes Co.*, 2003 WL 21213415 (Del. Super. Mar. 16, 2003) (citing *Hubbard v. Unemployment Ins. Appeal Bd.,* 352 A.2d 761 (Del. Super. 1976)).

[19] *Stoltz Mgmt. Co. v. Consumer Affairs Bd.,* 616 A.2d 1205, 1208 (Del. 1992).

[20] *Lively,* 2003 WL 21213415 (citation omitted).

[21] *Id.* at *2 (citation omitted).

[22] *Id.* at *3 (citing *Johnson v. Chrysler Corp.,* 213 A.2d 64, 66 (Del. 1965)).

5

*de novo* to determine "whether the Board erred in formulating or applying legal precepts."[23]  Where the issue presented is a question of law or the application of law to undisputed facts, the Court's review is plenary.[24]

Determinations of good cause are questions of law within the discretion of the Department of Labor and are therefore subject to review.[25]  A discretionary decision of the Referee will be upheld absent an abuse of that discretion.[26]  Only where the record clearly indicates that the agency's decision was based on improper or inadequate grounds has the agency abused its discretion.[27]  Where the agency's determination is supported by substantial evidence, however, the Court will affirm the ruling.[28]  In other words, when reviewing a Referee's decision based on the untimeliness of an appeal, the Court must determine, first, whether there are facts to support the finding that the appeal was untimely; and, second, whether the Referee abused its discretion by not exercising its power to review the record for injustice despite the untimely appeal.[29]

---

[23] *Funk v. Unemployment Ins. Appeal Bd.,* 591 A.2d 222, 225 (Del. 1991).
[24] *Stoltz,* 616 A.2d at 1208 (citing *E.I. du Pont de Nemours Co., Inc., v. Shell Oil Co.,* 498 A.2d 1108, 1113 (Del. 1985)).
[25] *Neill v. Unemployment Ins. Appeals Bd.,* 1987 WL 19726 (Del. Super. Nov. 9, 1987).
[26] *Funk,* 591 A.2d at 225.
[27] *Kreshtool v. Delmarva Power & Light Co.,* 310 A.2d 649, 652 (Del. Super. 1973) (citation omitted).
[28] *Olney v. Cooch,* 425 A.2d 610, 614 (Del. 1981) (citing 29 *Del. C.* § 6442(d)).
[29] *See Deysher v. Unemployment Ins. Appeal Bd.*, 2011 WL 7063475, at *1 (Del. Super. Dec. 29, 2011); *see Purdie–Morris v. Unemployment Ins. Appeals Bd.* 2006 WL 1679390, at *1 (Del. Super. Apr.10, 2006) (explaining the twofold review process of Board decisions based on the untimeliness of a claimant's appeal).

## Discussion

Under 19 *Del. C.* §3317(b), an employer must return a UC-119 form within seven calendar days of the mailing of the notice. If the UC-119 form is not returned within that time, the Division's determination is deemed final, unless the employer can show good cause for its failure to timely respond.[30] Mail that is properly addressed and posted is presumed to be duly received by the addressee.[31] However, "[t]his presumption is not absolute."[32] When challenged, it still requires "some minimal evidentiary showing to rebut the alleged agency misconduct."[33] The Division must "create a record beyond the mere introduction of the claim deputy's decision;"[34] a record containing "substantial evidence that a reasonable mind could accept as adequate support for the [Referee]'s conclusions."[35] If that presumption of receipt is created, the burden shifts to the employer to rebut the presumption.[36] Merely denying receipt does not rebut the presumption.[37]

---

[30] 19 *Del. C.* § 3317(b).

[31] *Rodney Square Bldg. Restorations, Inc. v. Noel*, 2008 WL 2943376, *4 (Del. Super. July 22, 2008); *see Lively*, 2003 WL 21213415.

[32] *Slater v. J.C. Penny Inc.*, 2012 WL 2905303, at *4 (Del. Super. July 17, 2012).

[33] *Deysher v. Unemployment Ins. Appeal Bd.*, 2011 WL 7063475, at *2 (Del. Super. Sept. 28, 2011); *see also, Jackson v. Unemployment Ins. Appeal Bd.*, 1986 WL 11546 (Del. Super. Sept. 24, 1986) (finding appellees' rebuttal evidence of a Board administrative assistant's affidavit stating she mailed the hearing notice to the appellant was sufficient).

[34] *Deysher*, 2011 WL 7063475, at *2.

[35] *Id.* at *1 (citing *Unemployment Ins. Appeal Bd. v. Duncan*, 337 A.2d 308, 309 (Del. 1975)).

[36] *See Integrity Staffing Solutions, Inc. v. Div. of Unemployment Ins.*, 2001 WL 1739437, at *2 (Del. Super. Dec. 20, 2001).

[37] *Windom v. William C. Ungerer, W.C.*, 903 A.2d 276, 282 (Del. 2006).

Generally, the Court will affirm the Referee's decision regarding the failure of a party to appeal a decision within the statutory time frame unless there appears to be an error or mistake made by the staff of that administrative agency.[38] The simple assertion by an appellant that he never received the decision has been consistently ruled as insufficient to overcome the presumption that the decision was received by the appellant when the evidence supports that it was mailed to the proper address and not returned by the postal service.[39] That continues to be the law, and the findings in this decision in no way change this fundamental principal.

However, the Court finds that it should not apply this principal to the facts of this case.[40] The Court believes that there are significant issues in regards to how this claim was handled by the Division that were not addressed by the Referee. Based on the facts, this case simply does not mirror the typical untimely appeal case, in which the employer or claimant fails to take timely action on his appeal and the agency has clearly and undisputedly followed its own procedures for processing appeals.

---

[38] *See Anderson v. Comfort Suites,* 2004 WL 304359 (Del. Super. Feb. 12, 2004) (finding that the Board based its determination that a decision was properly mailed and that the subsequent appeal was untimely on substantial evidence when the decision was mailed to the claimant's correct address, was not returned, and when there was no other evidence of error).

[39] *See Diaz v. Fitzgerald Auto,* 2006 WL 1229691, *2 (Del. Super. 2006) ("[A] claimant's assertion that he did not receive the mailing is an insufficient reason for the Board to consider an untimely appeal.").

[40] *See Deysher*, 2011 WL 7063475, at *2.

In this case, there was not substantial evidence to support the Referee's determination that the Division had established a presumption of proper mailing. In all the evidence submitted at the Referee's hearing, the only evidence offered to support a proper mailing was the Division's unsubstantiated anonymous hearsay testimony; the Division's representative that the UC-119 form was generated and sent on April 3, 2013. In fact, documentation of all notices and correspondence between Employer and Division in this matter was provided, other than the UC-119 form allegedly sent to Employer on April 3, 2013.[41] The Division did not offer testimony from the employee within the Division who sent the UC-119 form, nor did it offer an affidavit of mailing. Moreover, the Employer Charging Data submitted at the hearing by the Division shows only that the UC-119 form was generated on April 3, 2013, but has no date for when the form was sent to Employer.[42] All of these facts raise questions as to whether this claim was appropriately handled by the Division.

Moreover, this appears to be an Employer who was very interested in its appeal. The benefits wages charge statement was sent to Employer on July 15, 2013. Employer immediately responded, requesting a review of the charge, on

---

[41] This includes the UC-12 charge statement sent to Employer by the Division subsequent to the UC-119 form; Employer's response to that charge statement requesting review of the charge; Employer's letter and email sent to the Division in response to the charge assessed, attempting to resolve the issue; the Division's determination that the charge was properly assessed; and Employer's appeal of that decision to the Appeals Referee.

[42] Record at 4.

9

July 17, 2013. Moreover, Employer followed up its response to the Division with subsequent letters and emails attempting to correct the erroneously charged unemployment benefits to Tulenko and benefit wage charge to Employer.[43] The Division's determination that the charge had been properly assessed was sent on July 29, 2013, which Employer again immediately appealed on August 1, 2013. It is clear to the Court that if Employer had received an UC-119 form, it would have reacted to it.[44] Employer's explanation that Tulenko had left Caffe Gelato voluntarily for employment elsewhere further supports that Employer would have responded to the UC-119 form if it had been received.

Under these circumstances, the Court is unable to find that the Referee's decision not to review Employer's case is supported by substantial evidence. While the administrative agency is given a presumption of properly mailing a decision, when challenged in the manner here, some minimal evidentiary showing to rebut the alleged agency misconduct is required.[45] No such evidence, let alone substantial evidence, was presented to the Referee. Furthermore, Employer offered good cause for its untimely response to the UC-119 form (i.e. Employer did not receive the notice). Accordingly, there was not substantial evidence to support the Referee's conclusion that a presumption that the UC-119 form had been properly

---

[43] Record at 1-2.
[44] *See Deysher*, 2011 WL 7063475, at *2.
[45] *See Id.*

10

mailed by the Division was created, and the Referee abused its discretion by relying only on flimsy evidence to reject Employer's appeal.[46]

Delaware's system of unemployment compensation was enacted in an effort to protect the health, morals, and general welfare of its citizens from the effects of involuntary unemployment.[47] If this purpose is to be realized, the provisions of Delaware's unemployment compensation scheme must be liberally construed.[48] The Legislature did not intend its language to be applied strictly to all cases "without reference to the facts of a particular situation and without consideration of the basic aims and objectives of the [statute]."[49] The Delaware Supreme Court has stated that the Court should not apply the unemployment compensation laws "by adhering slavishly to a technical ... construction of the Law's provisions."[50] The unemployment compensation laws were drafted for "the benefit of persons unemployed through no fault of their own, who also are sincerely co-operating to end their unemployment," and should be interpreted and applied to that end.[51]

The good cause exception written into § 3317(b) indicates that the Legislature recognized there will be circumstances when preventing an employer from contesting an employee's claim due only to a delay in response will produce

---

[46] *See Id.*

[47] 19 *Del. C.* § 3301.

[48] *Harper v. Unemployment Ins. Appeal Bd.,* 293 A.2d 813, 816 (Del. Super. 1972); *see Rodney Square*, 2008 WL 2943376, at *3-4.

[49] *Rodney Square*, 2008 WL 2943376, at *3-4 (citations omitted).

[50] *Johnston v. Chrysler Corp.*, 178 A.2d 459, 464 (Del. 1962).

[51] *Id.*

injustice.[52]  The intent of the section was obviously not to bar untimely responses in all cases.[53]  The denial of Employer's right to challenge Tulenko's eligibility for benefits and the benefits wage charge assessed to it by the Division because Employer did not receive the UC-119 form does not serve the ends contemplated by the statute.

Based on the facts outlined *supra,* and the intent of the statute, this Court is satisfied that Employer has shown good cause for its untimely response to the UC-119 notice.  Employer is therefore not prevented from contesting Tulenko's eligibility for benefits and the benefits wage charge assessed to it by the Division.

## Conclusion

For the foregoing reasons, the decision of the Appeals Referee finding that Employer did not have good cause for its untimely response, thereby precluding it from contesting the benefits wage charge assessed to it, is **REVERSED,** and the cause is **REMANDED** to the Referee for further proceedings consistent with this Order.

**IT IS SO ORDERED.**

/s/Calvin L. Scott
Judge Calvin L. Scott, Jr.

---

[52] *Rodney Square*, 2008 WL 2943376, at *3-4.
[53] *Id.*