505 A.2d 395

Larry Armbruster and Sons, Inc., Petitioner v. State Public School Building Authority, Respondent.

State Public School Building Authority, Petitioner v. Larry Armbruster and Sons, Inc., Respondent.

Submitted on briefs November 15, 1985, to Judges MacPhail and Colins, and Senior Judge Blatt, sitting as a panel of three.

*James J. Riley, James J. Riley and Associates, P.C.,* for petitioner/respondent.

*James R. Clippinger, Caldwell, Clouser & Kearns,* for respondent/appellee.

OPINION BY JUDGE COLINS, February 27, 1986:

On July 10, 1973, the State Public School Building Authority (Authority) contracted with Larry Armbruster, Inc. (Armbruster) for Armbruster to construct all electrical circuitry on the Wyoming Area Senior High School Project. The Project was financed by the Authority which also contractually guaranteed the quality of all work on the Project.

In August, 1978, after Armbruster had completed a substantial amount of the electrical work, the Authority permitted a subcontractor to apply plaster to the walls of the building. The plaster was applied by the use of high pressure hoses instead of being hand mixed and hand trowelled as required by the Project's plans and specifications. The plaster not only covered over many electrical units installed by Armbruster, but made the walls considerably thicker which hampered further installation of the units.

Shortly after this incident, the Authority issued an order which changed a large amount of the school building's wall coverings from vinyl/plaster to ceramic tile. This was done in the face of a written agreement in which the Authority stated that it would not issue deviations which would change materially the Project's plans and specifications.

The result of the subcontractor's work and the change in wall covering was an increase in the time and cost of Armbruster's performance. The completion date was extended by 24 weeks during which time Armbruster incurred labor and overhead costs as well as supervisory expenses.

The Board of Claims (Board) found that by allowing the plaster work and by issuing a deviation from original wall covering specifications without notice or analysis of its effect on Armbruster's work, the Authority breached its contract with Armbruster. The Board awarded Armbruster Two Hundred Thirty-four Thousand, Four Hundred Sixty-six Dollars ($234,466.00) in damages plus interest calculated at the rate of six percent (6%) per annum as compensation for out-of-pocket work expenses incurred as a result of the Authority's breach. The Board determined, however, that Armbruster was not entitled to its claimed loss of profits for a loss of business opportunities as a result of the delay in its completion date or loss of the value of its business because neither loss was foreseeable at the time of contract formation. This consolidated appeal followed and we affirm the decision of the Board.

This Court's scope of review in such cases is limited to whether the order of the Board is not in accordance with law or whether there is an absence of substantial evidence to support the findings of fact. *Department of Transportation v. Brayman Construction Company*, 33 Pa. Commonwealth Ct. 485, 382 A.2d 767 (1978).

We find no merit in the Authority's primary contention that the Board erred in its calculation of damages because it used the "total cost" method in determining the amount of damages. The Authority claims that this method is inappropriate because the calculation of damages is allegedly too speculative. We disagree.

Although the "total cost" method must be used with caution, the method should be applied where the nature of the particular loss has made it impossible or highly impracticable to determine damages with a reasonable degree of accuracy and where the loss is

substantiated by reliable evidence. *John F. Harkins Co. v. School District of Philadelphia,* 313 Pa. Superior Ct. 425, 460 A.2d 260 (1983). Moreover, mere uncertainty as to the amount of damages will not bar recovery where it is clear that damages were the certain result of the [Authority's] conduct. *Pugh v. Holmes,* 486 Pa. 272, 405 A.2d 897 (1979).

Evidence before the Board included the testimony of Charles Armbruster, estimator at Armbruster, which revealed that as of the date that the subcontractor applied the plaster, Armbruster had completed about ninety percent (90%) of its roughing in work and that after the plaster had been applied and the wall covering change had been made, Armbruster had to locate all electrical boxes using its original plans, chop them out, and accommodate for the wall changes throughout the Project. Mr. Armbruster also testified to the company's inability in keeping mathematically exact records of increased costs:

> I thought we did an excellent job holding the damage down, because we didn't have a timekeeper there watching a bunch of guys, we just did the best we could do. Nobody was going to say an hour here, two hours there. Who was going to stand there with a stopwatch? We would have to pay him also.

Once the Project was completed, the actual labor costs were calculated by an electrical contractor, Mr. McGee, who testified that he calculated Armbruster's damages by estimating the total man hours per week and multiplying that number by the actual costs for that period of time. The information was obtained from the time reports of men on the job, monthly payroll summaries which indicated pay rates for employees and from Project invoices.

The escalation of labor costs and accuracy of approximation by Mr. McGee was further verified by

Mr. William Paules, a certified public accountant, who did an independent assessment of damages and arrived at labor cost figures almost identical to those of Mr. McGee.

We find this evidence sufficient to support the Board's award of damages pursuant to the "total cost" approach.

This Court also finds that the Board acted properly in disallowing an award for loss of profits due to lost business opportunities and loss of value of the business. There is no evidence on the record that these damages were reasonably foreseeable at the time of contract formation. *See Taylor v. Kaufhold*, 368 Pa. 538, 84 A.2d 347 (1951). The burden to produce such testimony was upon Armbruster and it failed to sustain this burden. *See Department of Transportation v. Cumberland Construction*, 90 Pa. Commonwealth Ct. 273, 494 A.2d 520 (1985).

For the reasons stated above, the order of the Board is affirmed.

ORDER

AND NOW, this 27th day of February, 1986, the order of the Board of Claims, No. 532, dated November 9, 1984, is affirmed.